COPY

1   SCOTT J. WITLIN (SBN 137413)
2   DAMIEN P. DELANY (SBN 246476)
    switlin@akingump.com
    ddelany@akingump.com
3   AKIN GUMP STRAUSS HAUER & FELD LLP
    2029 Century Park East, Suite 2400
4   Los Angeles, California 90067-3012
    Telephone:   310-229-1000
5   Facsimile:   310-229-1001

6

7   Attorneys for Defendant
    HOME DEPOT U.S.A., INC.

8

9                 UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11

12

| | |
|---|---|
| 13  MARTIN HENSHAW, an individual; VERN SOUZA, an individual; on behalf of themselves and all others similarly situated, | Case No.  **SACV10-1392 JVS(RNBx)** |
| 14 | |
| 15 | **DEFENDANT'S HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441, 1446, AND 1453** |
| 16         Plaintiffs, | |
| 17      v. | [Supporting Declaration of Scott J. Witlin, Notice of Related Cases, Certification and Notice of Interested Parties and Civil Cover Sheet Filed Concurrently] |
| 18  HOME DEPOT U.S.A., INC., and DOES 1 through 50. | |
| 19 | |
| 20         Defendant. | (ORANGE COUNTY SUPERIOR COURT CASE NO. 30-2010-00398864) |
| 21 | |
| 22 | |

23

24

25

26

27

28

FILED
2010 SEP 15  AM 11: 42
CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
SANTA ANA

1    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2    SOUTHERN DISTRICT OF CALIFORNIA:

3         PLEASE TAKE NOTICE that defendant Home Depot U.S.A., Inc. ("defendant"

4    or "Home Depot") hereby removes to this Court the state court action described below,

5    pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446.  In support thereof, Home Depot

6    states as follows:

7         1.     On August 12, 2010, the above referenced putative class action was

8    commenced and is currently pending against Home Depot in the Superior Court of

9    California, County of Orange, No. 30-2010-00398864.  On August 16, 2010, Home

10   Depot was served with the complaint.  Home Depot filed an answer to the complaint in

11   the Superior Court on September 13, 2010.  As required by 28 U.S.C. § 1446(a), a true

12   and correct copy of all process, pleadings, and orders served upon defendant as part of

13   the above referenced action are attached to the Declaration of Scott J. Witlin (Witlin

14   Decl.), filed concurrently in support of this Notice.

15        2.     Plaintiffs are former employees of Home Depot.  *See* Witlin Decl. ¶ 2, Ex.

16   A, Complaint ¶¶ 5-6.  Plaintiffs assert claims for recovery of wages for accrued vacation

17   upon termination of their employment.  *See* Witlin Decl. ¶ 2, Ex. A, Complaint ¶¶ 5-17,

18   26-45.  The complaint alleges a putative class consisting of all California-based

19   employees of Home Depot whose employment was terminated during the relevant time

20   period.  *See* Witlin Decl. ¶ 2, Ex. A, Complaint ¶¶ 18-23.  The sole named defendant is

21   Home Depot.  Witlin Decl. ¶ 2, Ex A.

22        3.     Timeliness:  Plaintiffs filed their complaint in the instant action, No. 30-

23   2010-00398864, on August 12, 2010.  Home Depot was served with a copy of the

24   complaint on August 16, 2010.  Home Depot's Notice of Removal is therefore timely

25   because it is filed within 30 days of service of the complaint.  *See* 28 U.S.C. § 1446(b).

26        4.     Jurisdiction.  The above-described action is a civil action of which this

27   Court has original jurisdiction and thus may be removed pursuant to 28 U.S.C. § 1441.

28

DEFENDANT HOME DEPOT U.S.A, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
§§ 1332(D)(2), 1441, 1446, AND 1453

1    Under 28 U.S.C. § 1441(a), a defendant may remove to federal district court "any civil

2    action brought in a State court of which the district courts of the United States have

3    original jurisdiction...." Pursuant to the Class Action Fairness Act ("CAFA"), Pub. L.

4    No. 109-2 (enacted Feb. 18, 2005) (codified at 28 U.S.C. §§ 1332(d), 1453, 1711-1715),

5    federal district courts have original jurisdiction over a class action if (1) it involves 100

6    or more putative class members, (2) any class member is a citizen of a state different

7    from any defendant, and (3) the aggregate amount in controversy exceeds $5,000,000

8    (exclusive of costs and interest). *See* 28 U.S.C. §§ 1332(d)(2), (d)(6) and d(11)(B)(i).

9        5.      On August 10, 2010, plaintiffs Martin Henshaw and Vern Sousa filed a

10   putative class action against Home Depot in the United States District Court for the

11   Southern District of California (Case No. 10-CV-1682-WQH-NLS) asserting claims for

12   recovery of wages for accrued vacation upon termination of their employment

13   ("*Henshaw I*"). *See* Witlin Decl., ¶ 5, Ex. C .

14       6.      *Henshaw I* is identical to the instant action in all material respects including

15   the plaintiffs, the defendant, the claims alleged, and the description of the putative class.

16   The only differences between the complaints in the two actions is that in the instant

17   action, plaintiffs allege Doe Defendants, they have made references to the California

18   Code of Civil Procedure rather than Rule 23 of the Federal Rules of Civil Procedure,

19   and they omitted the basis for federal court subject matter jurisdiction that was alleged

20   in *Henshaw I*. In *Henshaw I*, plaintiffs conceded that a federal court would have

21   original jurisdiction over plaintiffs' action because the class "exceeds 100 people, []

22   involves more than $5,000,000 in controversy, and [] the citizenship of at least one

23   member of the class is diverse from that of DEFENDANT." *See* Witlin Decl., ¶ 5, Ex.

24   C. (Compl. P. 9-10, ¶ 23).

25       7.      On August 12, 2010, plaintiffs filed their complaint in the instant action

26   and on that same date filed a voluntary dismissal of *Henshaw I*. *See* Witlin Decl., ¶ 5,

27   Ex. D.

28

1        8.    <u>Class Size.</u>  Plaintiffs allege in this action that "[t]here are more than fifty

2    (50) individuals in the class."  Complaint at ¶ 21(a).  However, in *Henshaw I*, plaintiffs

3    alleged that the putative class exceeded 100 people.  *See* Witlin Decl., ¶ 5, Ex. C

4    (Compl. P. 9-10, ¶ 23).  During the past four years, Home Depot has employed more

5    than 100 individuals in California whose employment was terminated.  Thus, based on

6    plaintiffs' claims, it is reasonable to assume that the potential class exceeds 100

7    members.

8        9.    <u>Diversity of Citizenship</u>.  At all relevant times, there has been diversity of

9    citizenship between the parties to the action.

10       10.    Defendant is informed and believes that both plaintiffs Henshaw and Souza

11   are citizens of and reside in the State of California.  *See* Complaint ¶¶ 5-6.

12       11.    Home Depot is not a citizen of the State of California.  "[A] corporation

13   shall be deemed to be a citizen of any State by which it has been incorporated and of the

14   State where it has its principal place of business . . . ."  28 U.S.C. § 1332(c)(1).  Home

15   Depot is not incorporated in California.  Rather, at the time this action was commenced,

16   Home Depot was a corporation organized and incorporated under the laws of the State

17   of Delaware.  Nor is California the state in which Home Depot has its principal place of

18   business, which the Supreme Court recently confirmed refers to "the place where a

19   corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz*

20   *Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  Rather, Home Depot's principal place of

21   business is Atlanta, Georgia.  *See Ottaviano v. Home Depot U.S.A., Inc.*, Civ. No. 1:09-

22   cv-05125, 2010 U.S. Dist. LEXIS 27279, at *3 (N.D. Ill. Mar. 23, 2010) (Home Depot

23   "is a Delaware corporation with its principal executive offices located in Atlanta,

24   Georgia"); *Novak v. Home Depot U.S.A., Inc.*, 259 F.R.D. 106, 108 (D. N.J. 2009)

25   (same);  *Arellano v. Home Depot U.S.A., Inc.*, 245 F.Supp 1102, 1108 (S.D. Cal. 2003)

26   (Home Depot is a citizen of Delaware and Georgia).

27

28

DEFENDANT HOME DEPOT U.S.A, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
§§ 1332(D)(2), 1441, 1446, AND 1453

12.     Indeed, in *Henshaw I*, plaintiffs admitted that diversity of citizenship between the parties existed because "PLAINTIFFS are residents of California and the HOME DEPOT is a resident of Georgia."  *See* Witlin Decl., ¶ 5, Ex. C (Compl. P. 9-10, ¶ 23).  Thus, this action is between citizens of different states.

13.     <u>Amount in Controversy</u>.  Plaintiffs do not allege in their complaint herein a specific amount of damages.  But in *Henshaw I*, plaintiffs admitted that their claims involved "more than $5,000,000.00 in controversy."  *See* Witlin Decl., ¶ 5, Ex. C (Compl. P. 9-10, ¶ 23).While defendant has denied the claims in their entirety, plaintiffs' claims as pled would exceed the jurisdictional minimum.  Given that the claims in *Henshaw I* and the instant action are identical, the amount in controversy requirement is satisfied here.

14.     <u>Venue</u>.  The United States District Court for the Central District of California, Southern Division is the judicial district embracing the place where the above referenced action was filed by plaintiff and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, defendant hereby removes the above action now pending against it in the Superior Court of California, County of Orange to this Court.  In the event the Court has any reason to question whether removal is proper, Home Depot requests the opportunity to provide briefing on the issue.

Respectfully submitted,

Dated:  September 14, 2010

AKIN GUMP STRAUSS HAUER &
FELD LLP
Scott J. Witlin
Damien P. DeLaney

By _____
                    Scott J. Witlin
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF Los Angeles

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, CA 90067.  On September 15, 2010, I served the foregoing document(s) described as:  **DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441, 1446, AND 1453** on the interested party(ies) below, using the following means:

> Norman B. Blumenthal, Esq.
> Kyle R. Nordrehaug, Esq.
> Aparajit Bhowmik, Esq.
> Blumenthal, Nordrehaug & Bhowmik
> 2255 Calle Clara
> La Jolla, CA 92037

☐ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☒ BY MESSENGER SERVICE  I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

☐ (STATE)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 15, 2010 at Los Angeles, California.

Rose Shushanyan
Print Name

*Rose Shushanyan*
Signature

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV10- 1392 JVS (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| MARTIN HENSHAW and VERN SOUZA, on behalf of themselves and all persons similarly situated | HOME DEPOT U.S.A., INC., and DOES 1 through 50. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Norman B. Blumenthal, BLUMENTHAL, NORDREHAUG & BHOWMIK 2255 Calle Clara, La Jolla, CA 92037 Tel: (858) 551-1223 | Scott J. Witlin, AKIN GUMP STRAUSS HAUER & FELD Attorneys for Defendant HOME DEPOT U.S.A., INC. 2029 Century Park East, Suite 2400, Los Angeles, CA 90067-3012 Tel: (310) 229-1000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No   ☑ MONEY DEMANDED IN COMPLAINT: $ no specific demand

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.) Action removed pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☑ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 442 Employment ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY ☐ 861 HIA (1395ff) |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | IMMIGRATION | | | FEDERAL TAX SUITS |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: **SACV10-1392 JVS(RNBx)**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Martin Henshaw: Placer County<br>Vern Souza: El Dorado County |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Home Depot U.S.A., Inc: Delaware (state of incorporation), Georgia (principal place of business) |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Plaintiffs Henshaw and Souza were both employed at Home Depot's Auburn, California store, which is located in Placer County. |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 09/14/2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF Los Angeles

3

4        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, CA 90067.  On September 15, 2010, I served the

5    foregoing document(s) described as: **CIVIL COVER SHEET** on the interested party(ies) below, using the following means:

6

7

8                    Norman B. Blumenthal, Esq.
                     Kyle R. Nordrehaug, Esq.
9                    Aparajit Bhowmik, Esq.
                     Blumenthal, Nordrehaug & Bhowmik
10                   2255 Calle Clara
                     La Jolla, CA 92037
11

12

13   ☐ BY UNITED STATES MAIL   I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices.  I am

14   readily familiar with the firm's practice of collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is

15   deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

16

17   ☒ BY MESSENGER SERVICE   I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and

18   providing them to a professional messenger service for service.

19   ☐ (STATE)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

20

21   ☒ (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

22        Executed on September 15, 2010 at Los Angeles, California.

23

24   Rose Shushanyan
     Print Name                          Signature

25

26

27

28