COPY

1  SCOTT J. WITLIN (SBN 137413)
   DAMIEN P. DELANY (SBN 246476)
2  swilin@akingump.com
   ddelany@akingump.com
3  AKIN GUMP STRAUSS HAUER & FELD LLP
   2029 Century Park East, Suite 2400
4  Los Angeles, California 90067
   Telephone:   310-229-1000
5  Facsimile:   310-229-1001

6

7  Attorneys for HOME DEPOT, U.S.A., INC.

8

9                UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11

12                                     SACV10-1392 JVS(RNBx)

13

14  MARTIN HENSHAW, an individual;      Case No.
    VERN SOUZA, an individual; on
15  behalf of themselves and all others  **DECLARATION OF SCOTT J.**
    similarly situated,                  **WITLIN IN SUPPORT OF**
16                                        **DEFENDANT HOME DEPOT,**
              Plaintiffs,                 **U.S.A., INC.'S NOTICE OF**
17                                        **REMOVAL OF ACTION**
         v.
18                                        [Notice of Removal, Notice of Related
    HOME DEPOT, U.S.A., INC., and        Cases, Certification and Notice of
19  DOES 1 through 50.                    Interested Parties and Civil Cover Sheet
                                          Filed Concurrently]
20            Defendants.
                                          (ORANGE COUNTY SUPERIOR
21                                        COURT CASE NO. 30-2010-
                                          00398864)
22

23

24

25

26

27

28

---

DECLARATION OF SCOTT J. WITLIN IN SUPPORT OF DEFENDANT HOME DEPOT, U.S.A., INC.'S NOTICE OF
REMOVAL OF ACTION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF SCOTT J. WITLIN

I, Scott J. Witlin, hereby certify and declare as follows:

1.      I am a senior counsel in the law firm of Akin Gump Strauss Hauer & Feld, counsel of record for defendant Home Depot, U.S.A., Inc. ("Home Depot") in this action. I make this declaration based on my own personal knowledge, and if called as a witness, could and would testify competently to the facts stated herein. I submit this declaration in support of defendants' Notice of Removal of Action.

2.      Attached hereto as **Exhibit A** is a true and correct copy of the Summons, Civil Case Cover Sheet, Complaint, ADR Packet and Class Action/B&P 17200 Questionnaire that were filed in *Henshaw v. Home Depot, U.S.A., Inc.*, Superior Court of California, Orange County, Case No. 30-2010-00398864, and served on Home Depot on August 16, 2010.

3.      Attached hereto as **Exhibit B** is a true and correct copy of the Answer filed by Home Depot in Case No. 30-2010-00398864 on September 13, 2010.

4.      No further proceedings have been had, nor have any other pleadings been filed or served by plaintiff or Home Depot, in Case No. 30-2010-00398864.

5.      Attached hereto as **Exhibit C** is a true and correct copy of the Complaint filed by plaintiffs in *Henshaw v. Home Depot, U.S.A., Inc.*, United States District Court for the Southern District of California, Case No. 10-CV-1682 WQH -NLS on August 10, 2010 ("*Henshaw I*"). Plaintiffs filed a request for dismissal in *Henshaw I* on August 12, 2010. A true and correct copy of the request for dismissal is attached as **Exhibit D.**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 14th day of September, 2010, in Los Angeles, California.

Scott J. Witlin

DECLARATION OF SCOTT J. WITLIN IN SUPPORT OF DEFENDANT HOME DEPOT, U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION

# Exhibit A

# Exhibit A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HOME DEPOT U.S.A., INC., and DOES 1 through 50,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARTIN HENSHAW and VERN SOUZA, on behalf of themselves and
all persons similarly situated,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**08/12/2010** at 08:33:07 AM
Clerk of the Superior Court
By Margaret M Demaria,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>Civil Complex Center<br>751 West Santa Ana Blvd., Santa Ana, CA 92701 | **CASE NUMBER:**<br>*(Número del Caso):*<br>30-2010-00398864-CU-OE-CXC<br><br>HON. RONALD L. BAUER |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman B. Blumenthal   (Bar # 68687)                     Fax No.: (858) 551-1232
Blumenthal, Nordrehaug & Bhowmik, 2255 Calle Clara, La Jolla, CA 92037    Phone No.: (858) 551-1223

DATE: 08/12/2010    ALAN CARLSON, Clerk of the Court    Clerk, by *Margaret De Maria*, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

Margaret M Demaria

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*   HOME DEPOT U.S.A., INC.

under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 8/16/10

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

EXHIBIT A PAGE 2

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Norman B. Blumenthal (State Bar # 68687)
Kyle R. Nordrehaug (State Bar #205975)
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara, La Jolla, CA 92037
  TELEPHONE NO.: (858) 551-1223    FAX NO.: (858) 551-1232
ATTORNEY FOR *(Name)*: Plaintiffs Martin Henshaw and Vern Souza

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
  STREET ADDRESS: 751 West Santa Ana Blvd.
  MAILING ADDRESS: PO Box 22028
  CITY AND ZIP CODE: Santa Ana 92701
  BRANCH NAME: Civil Complex Center

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**08/12/2010** at 08:33:07 AM
Clerk of the Superior Court
By Margaret M Demaria,Deputy Clerk

| CASE NAME: | |
|---|---|
| Henshaw v. Home Depot | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited | [ ] Counter   [ ] Joinder | 30-2010-00398864-CU-OE-CXC |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: RONALD L. BAUER  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence    f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*: TWO (2)
5. This case [X] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: August 12, 2010

Norman B. Blumenthal
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*
EXHIBIT A PAGE 3

1  **BLUMENTHAL, NORDREHAUG & BHOWMIK**
   Norman B. Blumenthal (State Bar #068687)
2  Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5
   Attorneys for Plaintiffs
6

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**08/12/2010** at 08:33:07 AM

Clerk of the Superior Court
By Margaret M Demaria,Deputy Clerk

7

8

9

10               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                    **IN AND FOR THE COUNTY OF ORANGE**

12

13

14

15  MARTIN HENSHAW and VERN         Case No. 30-2010-00398864-CU-OE-CXC
    SOUZA, on behalf of themselves and all
16  persons similarly situated,

17          Plaintiffs,                     **CLASS ACTION COMPLAINT FOR:**

18                                          1.   UNFAIR COMPETITION IN
    vs.                                     VIOLATION OF CAL. BUS. & PROF.
19                                          CODE §§ 17200 ET SEQ; and,
    HOME DEPOT U.S.A., INC., and DOES
20  1 through 50,                           2.   FAILURE TO PAY ACCRUED
                                            VACATION COMPENSATION IN
21          Defendants.                     VIOLATION OF CAL. LAB. CODE §§
                                            201, 202, 203, & 227.3.
22
                                            **DEMAND FOR A JURY TRIAL**
23
                                            HON. RONALD L. BAUER
24                                          DEPT CX103

25

26

27

28

---
                        CLASS ACTION COMPLAINT

1   Plaintiff Martin Henshaw and Plaintiff Vern Souza, individuals, allege upon
2   information and belief, except for their own acts and knowledge, the following:
3
4                              **NATURE OF THE ACTION**
5        1.      Pursuant to the California Code of Civil Procedure, Section 382, Plaintiff Martin
6   Henshaw and Plaintiff Vern Souza (collectively the "PLAINTIFFS") bring this action on behalf
7   of themselves and on behalf of a class consisting of all individuals employed by Defendant
8   Home Depot U.S.A., INC. ("HOME DEPOT" or "DEFENDANT") in California whose
9   employment terminated during the applicable CLASS PERIOD as herein defined (the
10  "CLASS"). The PLAINTIFFS and the CLASS suffered the loss and forfeiture of accrued
11  vacation wages and have not been paid for all earned and accrued vacation wages by
12  DEFENDANT.  HOME DEPOT's unlawful, unfair, and deceptive employment and wage
13  practices cheat the PLAINTIFFS, and the other members of the CLASS, out of their lawful
14  wages and vacation pay due in violation of the California Labor Code and the California
15  Business & Professions Code.
16
17                               **THE PARTIES**
18       2.      Founded in 1978 and incorporated under the laws of Delaware, Defendant Home
19  Depot U.S.A., Inc. ("HOME DEPOT" or "DEFENDANT") has become the world's largest home
20  improvement specialty retailer and the fourth largest retailer in the United States, with fiscal
21  2009 retail sales of $66.2 billion and earnings from continuing operations of $2.6 billion. HOME
22  DEPOT has more than 2,200 retail stores in the United States, Canada, Mexico and China, and
23  at all relevant times during the CLASS PERIOD, was doing and continues to do regular and
24  substantial business in California, including in Orange County.
25       3.      The true names and capacities, whether individual, corporate, subsidiary,
26  partnership, associate or otherwise of defendant DOES 1 through 50, inclusive, are presently
27  unknown to the PLAINTIFFS who therefore sues these defendants by such fictitious names
28  pursuant to Cal. Civ. Proc. Code § 474.  The PLAINTIFFS will seek leave to amend this

1    Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they

2    are ascertained. PLAINTIFFS are informed and believe, and based upon that information and

3    belief allege, that the defendants named in this Complaint, including DOES 1 through 50,

4    inclusive, are responsible in some manner for one or more of the events and happenings that

5    proximately caused the injuries and damages hereinafter alleged.

6        4.     The PLAINTIFFS and the members of the proposed CLASS are individuals

7    employed by HOME DEPOT in California whose employment with DEFENDANT terminated

8    at any time within the four (4) years preceding the commencement of this Action.

9        5.     Plaintiff Martin Henshaw, at all relevant times mentioned herein, resided in the

10    state of California. Plaintiff Henshaw was employed by HOME DEPOT continuously from

11    February 1991 to June 2010, during which he earned and accumulated approximately 528 hours

12    of vacation pay. On June 9, 2010, after working for DEFENDANT for over nineteen (19) years,

13    Plaintiff Henshaw's employment was terminated by HOME DEPOT. As part of DEFENDANT's

14    uniform policy and systematic scheme of failing to pay the members of the CLASS all the

15    vacation pay they earned and accumulated upon the termination of their employment, HOME

16    DEPOT intentionally and in bad faith compensated Plaintiff Henshaw for less than thirty-five

17    percent (35%) of the vacation wages that he earned and accumulated, and that DEFENDANT

18    still owes him.

19        6.     Plaintiff Vern Souza, at all relevant times mentioned herein, resided in the state

20    of California. Plaintiff Souza was employed by HOME DEPOT continuously from 1987 to June

21    2010, during which he earned and accumulated around 1210 hours of vacation pay. On June 10,

22    2010, after working for DEFENDANT for over twenty three (23) years, HOME DEPOT

23    terminated Plaintiff Souza's employment. Although Plaintiff Souza had earned and accumulated

24    about 1210 hours of vacation pay during the twenty-three (23) years of his employment, as part

25    of DEFENDANT's uniform policy and systematic scheme of denying the members of the

26    CLASS all the vacation pay due upon the termination of their employment, HOME DEPOT

27    intentionally and in bad faith compensated him for less than forty-five percent (45%) of the

28    vacation wages that he earned and accumulated, and that DEFENDANT still owes him.

## GENERAL ALLEGATIONS

7.     At all times during the term of the their employment with HOME DEPOT, the CLASS members, including the PLAINTIFFS, had earned and accrued vested vacation and holiday time on the date of their termination pursuant to DEFENDANT's uniform vacation policies and applicable California law. The amount of vacation pay that the PLAINTIFFS and the other members of the CLASS earned and accumulated is evidenced by DEFENDANT's business records, including by the Kronos timekeeping system. During the CLASS PERIOD, HOME DEPOT executed the unlawful uniform policy and systematic practice of failing to pay the PLAINTIFFS and each member of the CLASS the total amount of vacation pay due upon termination of their employment with DEFENDANT. As a result of the DEFENDANT's unlawful practice, policy and procedure to deny paying the PLAINTIFFS and the other members of the CLASS all of their vested vacation and holiday time, DEFENDANT failed to pay the PLAINTIFFS and the members of the CLASS all vested vacation time as wages due upon employment termination, in violation of the California Labor Code, Section 201, 202, 203 and 227.3. This failure by DEFENDANT is believed to be the result of DEFENDANT's unlawful, unfair and deceptive refusal to provide compensation for earned, accrued and vested vacation and holiday time. DEFENDANT perpetrated this unlawful, unfair and deceptive practice to the detriment of the PLAINTIFFS and the members of the CLASS.  DEFENDANT's uniform practice and policy of failing to pay the CLASS members for all vested vacation and holiday time accumulated at employment termination violated and continues to violate Section 227.3 of the California Labor Code.

8.     As a result of DEFENDANT's standardized policies, practices, and procedures as herein alleged, DEFENDANT caused the PLAINTIFFS, and the other members of the CLASS, to be denied payment of accumulated unpaid vested vacation time as wages at employment termination. The members of the CLASS, including the PLAINTIFFS,  lost money as a result of the DEFENDANT's standardized policies, practices, and procedures alleged herein, and were personally subjected to the unlawful, unfair and deceptive practices of DEFENDANT.

9.     HOME DEPOT currently has, and at all relevant times herein had, a uniform

vacation time policy applicable to all of the members of the CLASS, including the PLAINTIFFS. Pursuant to this uniform vacation policy, the PLAINTIFFS and the other members of the CLASS earn vacation pay as follows:

      (a)    Two weeks of vacation time per year for years one through five;

      (b)    Three weeks of vacation time per year for years five through fifteen;

      (c)    Four weeks of vacation time per year for years fifteen through twenty; and,

      (d)    Five weeks of vacation time for each respective year after twenty.

10.    HOME DEPOT's uniform policy and practice in California is that vacation may be carried from one year to another without a cap of the total amount of vacation time employees may accrue.

11.    HOME DEPOT's uniform vacation policy applicable to all the members of the CLASS, including the PLAINTIFFS, further provides:

> Upon the termination of employment, all accrued, unused vacation hours between most recent anniversary date through the effective termination date will be paid to the associate. In addition, all unused vacation time carried over from previous years will be paid.

12.    The fact that HOME DEPOT failed to pay the PLAINTIFFS, and the other members of the CLASS, all vacation pay earned and accumulated at the time of termination is evidenced by HOME DEPOT's business records, including reports generated by the KRONOS timekeeping system and the human resources department.

13.    Throughout the CLASS PERIOD, despite the fact that the PLAINTIFFS and the other members of the CLASS had earned and accumulated vacation pay at the time their employment terminated, DEFENDANT exercised and continues to exercise an unlawful practice through which DEFENDANT systematically fails to pay the members of the CLASS, including the PLAINTIFFS, for all of the vacation pay they have earned and accumulated throughout their employment with HOME DEPOT. DEFENDANT also made and continues to make false representations to the PLAINTIFFS and the other members of the CLASS with respect to the vacation pay they earned and accumulated throughout the course of their employment with DEFENDANT, including, but not limited to, falsely representing that upon the termination of their employment with DEFENDANT, the PLAINTIFFS and the other members of the CLASS:

1  (a) Are not entitled to all the vacation pay they have earned and accumulated during the course

2  of the their employment; and (b) Have already been paid all of their earned vacation time, when

3  in fact, they have not been compensated for all earned and accumulated vacation time.

4        14.    California Labor Code Section 201 and 202 require an employer to pay all wages

5  earned and unpaid, including vested vacation time, at the time of the discharge of employment.

6  An immediate payment of wages is due for any unused or accumulated vacation, annual leave,

7  holiday leave, or time off.

8        15.    California Labor Code § 227.3 further provides:

9      § 227.3.  Payment for vested vacation time on termination of employment.
Unless otherwise provided by a collective-bargaining agreement, whenever a

10  contract of employment or employer policy provides for paid vacations, and an
employee is terminated without having taken off his vested vacation time, all

11  vested vacation shall be paid to him as wages at his final rate in accordance with
such contract of employment or employer policy respecting eligibility or time

12  served; provided, however, that an employment contract or employer policy shall
not provide for forfeiture of vested vacation time upon termination. The Labor

13  Commissioner or a designated representative, in the resolution of any dispute with
regard to vested vacation time, shall apply the principles of equity and fairness.

14

15        16.    At all relevant times mentioned herein, DEFENDANT represented that at

16  employment termination, the CLASS members would be paid in a lump sum full for all accrued

17  vacation time.

18        17.    Accordingly, and despite the fact that they earned and accumulated vacation time,

19  the PLAINTIFFS and the other members of the CLASS did not receive compensation for all of

20  their vested vacation time upon employment termination as required by California law.  With

21  respect to all members of the CLASS, DEFENDANT as a matter of uniform company policy,

22  intentionally and knowingly failed to pay these wages due to each and every CLASS member

23  upon the termination of their employment, by systematically underpaying the vacation time owed

24  to the members of the CLASS.

25

26

27                          **CLASS ALLEGATIONS**

28        18.    Pursuant to the California Code of Civil Procedure, Section 382, Plaintiff Martin

1   Henshaw and Plaintiff Vern Souza (collectively the "PLAINTIFFS") bring this Action on behalf
2   of themselves and on behalf of a class consisting of all individuals employed by HOME DEPOT
3   in California whose employment terminated during the CLASS PERIOD (the "CLASS"). The
4   "CLASS PERIOD" applicable to the CLASS is defined as the period commencing on the date
5   four (4) years prior to the filing of this Complaint and ending on a date to be determined by the
6   Court.

7       19.    During the CLASS PERIOD, HOME DEPOT uniformly violated the rights of the
8   members of the CLASS, including the PLAINTIFFS, under California law by:

9           (a)    Committing an act of unfair competition in violation of the California
10                Labor Code, by failing to compensate PLAINTIFFS and the members of
11                the CLASS for all vacation pay earned upon termination of employment;
12           (b)    Falsely representing to the PLAINTIFFS and the other members of the
13                CLASS that they were not entitled to all of the vacation pay they earned
14                and accrued upon termination; and,
15           (c)    Changing and/or modifying the actual amount of vacation pay the
16                PLAINTIFFS and the members of the CLASS earned and accrued
17                throughout their employment with HOME DEPOT.

18       20.    HOME DEPOT uniformly violated the rights of the PLAINTIFFS and the
19   members of the CLASS under California law. There are numerous questions of law and fact
20   common to all the members of the CLASS. These questions include, but are not limited to, the
21   following:

22           (a)    Whether HOME DEPOT's policies, practices and pattern of conduct
23                described in this Complaint was and is illegal;
24           (b)    Whether HOME DEPOT has engaged in a common course of failing to
25                compensate employees for all vacation pay earned and accumulated upon
26                termination;
27           (c)    Whether HOME DEPOT has engaged in a common course of changing,
28                altering and/or modifying the amount of vacation pay employees earned

and accumulated throughout their employment;

(d)    Whether HOME DEPOT has engaged in a common course of misrepresenting that the members of the CLASS are not entitled to all vacation pay earned and accumulated upon termination of employment with DEFENDANT;

(e)    Whether HOME DEPOT's failure to compensate employees for all vacation pay earned violates Section 227.3 of the California Labor Code;

(f)    Whether HOME DEPOT's failure to compensate employees for all vacation pay earned upon employment termination violates Section 201-203 of the California Labor Code;

(g)    Whether HOME DEPOT has engaged in unfair competition by the above-listed conduct; and,

(h)    Whether HOME DEPOT's conduct was willful.

21.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in California Code of Civil Procedure, Section 382, in that:

(a)    The persons who comprise the CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court. There are more than fifty (50) individuals in the CLASS;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CLASS and will apply uniformly to every member of the CLASS;

(c)    The claims of the representative PLAINTIFFS are typical of the claims of each member of the CLASS. The PLAINTIFFS, like all the other members of the CLASS, failed to receive compensation for all vested vacation and holiday time upon employment termination as a result of DEFENDANT's standardized policies, practices and procedures. The PLAINTIFFS and the other members of the CLASS were and are similarly or identically harmed

1   by the same unlawful, deceptive, unfair, systematic and pervasive pattern
2   of misconduct engaged in by DEFENDANT; and,

3   (d)   The representative PLAINTIFFS will fairly and adequately represent and
4   protect the interest of the CLASS, and have retained counsel who are
5   competent and experienced in Class Action litigation. There are no
6   material conflicts between the claims of the PLAINTIFFS and the members
7   of the CLASS that would make class certification inappropriate. Counsel
8   for the CLASS will vigorously assert the claims of all members of the
9   CLASS.

10   22.   In addition to meeting the statutory prerequisites to a Class Action, this action is
11   properly maintained as a Class Action pursuant to California Code of Civil Procedure, Section 382,
12   in that:

13   (a)   Without Class certification and determination of declaratory, injunctive,
14   statutory and other legal questions within the class format, prosecution of
15   separate actions by individual members of the CLASS will create the risk
16   of:

17   (i)   Inconsistent or Varying adjudications with respect to individual
18   members of the CLASS which would establish incompatible
19   standards of conduct for the parties opposing the CLASS; or,

20   (ii)   Adjudication with respect to individual members of the CLASS
21   which would as a practical matter be dispositive of interests of the
22   other members not party to the adjudication or substantially impair
23   or impede their ability to protect their interests;

24   (b)   The parties opposing the CLASS have acted or refuse to act on grounds
25   generally applicable to the CLASS, thereby making appropriate final
26   injunctive relief or corresponding declaratory relief with respect to the
27   CLASS as a whole; or

28   (c)   Common questions of law and fact exist as to the members of the CLASS

CLASS ACTION COMPLAINT
-8-
EXHIBIT A PAGE 12

and predominate over any question affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

 (i) The interests of the members of the CLASS in individually controlling the prosecution or defense of separate actions;

 (ii) The extent and nature of any litigation concerning the controversy already commenced by or against members of the CLASS;

 (iii) The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and,

 (iv) The difficulties likely to be encountered in the management of a Class Action.

23. This Court should permit this action to be maintained as a Class Action pursuant to California Code of Civil Procedure, Section 382, because:

 (a) The questions of law and fact common to the CLASS predominate over any question affecting only individual members;

 (b) A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CLASS;

 (c) The members of the CLASS are so numerous that it is impractical to bring all members of the CLASS before the Court;

 (d) The PLAINTIFFS, and the other CLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

 (e) There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations and other improprieties, and in obtaining adequate compensation for the economic injuries which DEFENDANT's actions have inflicted upon the CLASS;

 (f) There is a community of interest in ensuring that the combined assets and available insurance, if any, of DEFENDANT are sufficient to adequately

1           compensate the members of the CLASS for the injuries sustained; and,

2      (g)    DEFENDANT has acted or refused to act on grounds generally applicable

3           to the CLASS, thereby making final injunctive relief appropriate.

4

5                                **JURISDICTION & VENUE**

6     24.    This Court has jurisdiction over this action pursuant to the California Code of

7 Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203.

8 This action is brought as a class action on behalf of similarly situated employees of HOME

9 DEPOT pursuant to the California Code of Civil Procedure, Section 382.

10    25.    Venue is proper in this Court pursuant to the California Code of Civil Procedure,

11 Sections 395 and 395.5, because HOME DEPOT (i) currently maintains and at all relevant times

12 maintained offices and facilities in this County, and (ii) committed wrongful conduct herein

13 alleged in this County against members of the CLASS.

14

15                             **FIRST CAUSE OF ACTION**

16                              **For Unfair Competition**

17                **[Cal. Bus. & Prof. Code §§ 17200 et. seq.]**

18           **(By the PLAINTIFFS AND CLASS and against All Defendants)**

19    26.    The PLAINTIFFS, and the other members of the CLASS, reallege and incorporate

20 by this reference, as though fully set forth herein, paragraphs 1 through 25 of this Complaint.

21    27.    DEFENDANT is a "person" as that term is defined under the California Business

22 & Professions Code, Section 17021.

23    28.    California Business & Professions Code Sections 17200 et seq. (the "UCL")

24 defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.

25 Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to

26 unfair competition as follows:

27        Any person who engages, has engaged, or proposes to engage in unfair
           competition may be enjoined in any court of competent jurisdiction. The court may
28        make such orders or judgments, including the appointment of a receiver, as may

be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

29.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited California Labor Code §§ 201, 202, 216 and 227.3. As a result, the DEFENDANT's policies, practices and procedures alleged herein constitute an unlawful business practice.

30.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which is likely to deceive DEFENDANT's employees. The DEFENDANT's conduct is likely to deceive employees because the DEFENDANT represents to employees that (i) they earned and accumulated vacation hours during their employment, and (ii) they would be paid in full for all vested vacation in a lump sum payment upon employment termination, when in fact DEFENDANT secretly deleted and/or denied payment of vested vacation upon termination. As a result, the DEFENDANT's policies, practices and procedures alleged herein constitute a deceptive business practice.

31.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which is unfair to DEFENDANT's employees. The DEFENDANT's conduct is unfair because denying vacation pay that employees earned through the performance of labor, after representing to the employees that they earned and accumulated vacation pay and are entitled such compensation upon employment termination, is immoral, unethical, oppressive, and unscrupulous, and violates public policy. As a result, the DEFENDANT's policies, practices and procedures alleged herein constitute an unfair business practice.

32.    At all times relevant hereto, by and through the conduct described herein, DEFENDANT engaged in unlawful, unfair and/or deceptive business practices by failing to pay the PLAINTIFFS, and the other members of the CLASS, compensation for vested vacation upon termination of employment with DEFENDANT, pursuant to the applicable provisions of the

California Labor Code, in violation of the California Business and Professions Code, Sections 17200 et. seq., and has thereby deprived the PLAINTIFFS, and the other members of the CLASS, of wages.

33.   By and through the unlawful, unfair and/or deceptive business practices described herein, DEFENDANT obtained valuable property, money, and services from the PLAINTIFFS, and the other members of the CLASS, and has deprived them of valuable rights and benefits guaranteed by law, all to their detriment.

34.   All the acts described herein as violations of, among other things the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, unscrupulous, and likely to deceive, and thereby constitute unlawful, unfair and/or deceptive business practices in violation of the California Business and Professions Code, Sections 17200 et. seq.

35.   The PLAINTIFFS, and the other members of the CLASS, are entitled to, and do, seek such relief as may be necessary to restore to them the money which the DEFENDANT may have acquired, or of which PLAINTIFFS, and other members of the CLASS, have been deprived, by means of the above described unlawful, unfair and/or deceptive business practices.

36.   The PLAINTIFFS, and the other members of the CLASS, are further entitled to, and do, seek a declaration that the above described business practices are unlawful, unfair and/or deceptive and that an injunctive relief should be issued restraining DEFENDANT from engaging in any of the above described unlawful, unfair and/or deceptive business practices in the future.

37.   The PLAINTIFFS, and the other members of the CLASS, have no plain, speedy, and/or adequate remedy at law to redress the injuries which they have suffered as a consequence of the unlawful, unfair and/or deceptive business practices of DEFENDANT. As a result of the unlawful, unfair and/or deceptive business practices described above, the PLAINTIFFS, the other members of the CLASS, have suffered and will continue to suffer irreparable harm unless DEFENDANT is restrained from continuing to engage in these unlawful, unfair and/or deceptive business practices. Therefore, the DEFENDANT should be required to disgorge the unpaid wages into a common fund for restitution of these wages to the PLAINTIFFS and to the

members of the CLASS.

### SECOND CAUSE OF ACTION

**For Failure to Pay Vacation Compensation**

**[Cal. Lab. Code §§ 201, 202, 203 &227.3]**

**(By the PLAINTIFFS AND CLASS and against All Defendants)**

38.    PLAINTIFFS, and the other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 37 of this Complaint.

39.    Cal. Lab. Code § 201 provides, " if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

40.    Cal. Lab. Code § 202 provides that if an employee quits his or her employment, "his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

41.    The California Labor Code, Section 203, provides:

> if an employer wilfully fails to pay, without abatement or reduction, in accordance to Sections 201, 201.5, 202, and 205, any wages of an employee who is discharged or quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

Cal. Lab. Code § 203.

42.    Cal. Lab. Code § 227.3 provides that whenever a contract of employment of employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation time shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served.

43.    At all times relevant hereto, the PLAINTIFFS, and the other members of the CLASS, earned and accumulated unused vested vacation leave.

44.     At all times relevant hereto, DEFENDANT failed to pay the PLAINTIFFS, and the other members of the CLASS, compensation for all of the vested vacation time earned throughout their employment with HOME DEPOT, which is due PLAINTIFFS and other members of the CLASS upon employment termination, in violation of Cal. Lab. Code §§ 201, 202 and 227.3. The PLAINTIFFS, on behalf of themselves and on behalf of the CLASS, therefore seek recovery of the earned vacation time which DEFENDANT failed to pay them upon the termination of their employment with HOME DEPOT.

45.     The PLAINTIFFS, and the other members of the CLASS, are informed and believe, and based upon that information and belief allege, that DEFENDANT willfully and intentionally failed to pay these wages to the PLAINTIFFS and the other members of the CLASS, in violation of California Labor Code §§ 201& 202. The PLAINTIFFS and the other members of the CLASS therefore request recovery of the wage compensation for vested vacation leave, according to proof, interest, as well as the assessment of penalties against DEFENDANT, in a sum as provided by the Cal. Lab. Code § 203 and/or other statutes.

### <u>Prayer</u>

WHEREFOR, the PLAINTIFFS pray for judgment against each Defendant, jointly and severally, as follows:

**1. On the First Cause of Action:**

    A)     For restitutionary disgorgement of vacation time wages; and,

    B)     For injunctive relief ordering the business practices found to be unlawful, unfair and/or deceptive to cease, or as the Court otherwise deems just and proper.

**2. On the Second Cause of Action:**

    A)     For damages, including unpaid wages according to proof; and,

    B).     For statutory damages and/or penalties;

**3. On All Causes of Action:**

A)     For an award of interest, including prejudgment interest at the legal rate;

B)     For an award of statutory costs;

C)     For such other and further relief as the Court may deem just and proper.

Dated: August 12, 2010                             BLUMENTHAL, NORDREHAUG & BHOWMIK

By: _____
                                                   Norman B. Blumenthal
                                                   Attorneys for Plaintiffs

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DEMAND FOR JURY TRIAL

PLAINTIFFS demand a jury trial on issues triable to a jury.

Dated: August 12, 2010

BLUMENTHAL, NORDREHAUG & BHOWMIK

By:

Norman B. Blumenthal
Attorneys for Plaintiffs

CLASS ACTION COMPLAINT
-16-

EXHIBIT A PAGE 20

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

### NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

## BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**  A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**  When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**  In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**  ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**  In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**  Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

## DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

**Loss of protections.**  If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.**  There generally is less opportunity to find out about the other side's case with ADR than with litigation.   ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.**  The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.**  Lawsuits must be brought within specified periods of time, known as statues of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

### TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.**  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate.**  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate.**  If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.**  In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate.**  Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate.**  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.**  In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | *FOR COURT USE ONLY* |
|---|---|

Telephone No.:          Fax No. (Optional):
E-Mail Address (Optional):
ATTORNEY FOR *(Name)*:          Bar No.:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
　　　　☐Under section 1141.11 of the Code of Civil Procedure
　　　　☐Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____   _____   _____
　　　　　　　　　　　(SIGNATURE OF PLAINTIFF OR ATTORNEY)   (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____   _____   _____
　　　　　　　　　　　(SIGNATURE OF DEFENDANT OR ATTORNEY)   (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|
| Kyle R. Nordrehaug ,<br>Blumenthal, Nordrehaug & Bhowmik<br>2255 Calle Clara<br>La Jolla, California 92037<br>Telephone No.: (858) 551-1223         Fax No. (Optional): (858) 551-1232<br>E-Mail Address (Optional): kyle@bamlawlj.com<br>ATTORNEY FOR *(Name)*: Plaintiffs Martin Henshaw and Vern Souza   Bar No: 205975 | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE |
|---|
| Civil Complex Center - 751 W. Santa Ana Blvd., Bldg. 36, Santa Ana, CA 92701-4512 |

| PLAINTIFF / PETITIONER: MARTIN HENSHAW, et al. |
|---|
| DEFENDANT / RESPONDENT: HOME DEPOT U.S.A., INC., et al. |

| **CLASS ACTION/B&P 17200 QUESTIONNAIRE**<br><br>***(To be filed by counsel for plaintiff/s within 30 days of filing initial complaint)*** | CASE NUMBER: 30-2010-00398864<br>DEPT: CX103<br>JUDGE: Hon. Ronald L. Bauer<br>STATUS CONFERENCE DATE: |
|---|---|

In response to the conflict of interest issues raised in ***Apple Computer, Inc. v. The Superior Court of Los Angeles County*** (2005) 126 Cal. App. 4th 1253, counsel for each proposed class representative is to provide the following information under oath to the Court:

1.  Is any proposed class representative an attorney?         Yes _____   No __X__

2.  Is any proposed class representative a spouse, child or family member of plaintiff's counsel or of a partner or associate of the law firm of which plaintiff's counsel is a member?         Yes _____   No __X__

 If yes, explain relationship: _____

3.  Within the last 5 years, has any proposed class representative filed prior class action lawsuits using the same plaintiff's counsel or firm as in the present case?         Yes _____   No __X__

 If yes, explain: _____

4.  Does any proposed class representative have a business relationship with plaintiff's counsel, including but not limited to, the relationship of law partner, associate, employee, principal, agent, independent contractor, or professional corporation?         Yes _____   No __X__

 If yes, explain relationship: _____

5.  If there is co-counsel, have the attorneys been co-counsel in other class actions?         Yes _____   No _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

8/13/10
**DATE**

_____
**SIGNATURE OF COUNSEL FOR PLAINTIFF(S)**

**CLASS ACTION/B&P 17200 QUESTIONNAIRE**

Approved for Mandatory Use
L277 [New June 1, 2005]

*LexisNexis® Automated California County Forms*

EXHIBIT A PAGE 26

# Exhibit B

# Exhibit B