1 **BLUMENTHAL, NORDREHAUG & BHOWMIK**
  Norman B. Blumenthal (State Bar #068687)
2 Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
3 2255 Calle Clara
  La Jolla, CA 92037
4 Telephone: (858)551-1223
  Facsimile: (858) 551-1232
5 Firm Website: http://www.bamlawca.com

6 Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MARTIN HENSHAW, an individual; VERN SOUZA, an individual; on behalf of themselves and all others similarly situated,<br><br>                 Plaintiffs,<br><br>        v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation, and DOES 1-50<br><br>                 Defendants. | Case No. **8:10-cv-01392-CJC-RNB**<br>(Class Action)<br><br>EX PARTE APPLICATION FOR RELIEF FROM LOCAL RULE 23-3<br><br><br>Judge:     Hon. Cormac J. Carney<br>Court No.:  9B<br><br>Action Filed:    August 12, 2010 |

## I. INTRODUCTION

Plaintiffs hereby apply ex parte to the Court for relief from the timing requirements of Local Rule 23-3, which requires Plaintiffs to file a motion for class certification within ninety (90) days after service of the complaint, unless otherwise ordered by the Court.

This case was initially filed in state court. The Local Rule 23-3 deadline would have been be November 11, 2010, based upon a August 13, 2010 service date of the state court complaint. There is good cause for Plaintiffs' application because after this case was originally filed in state court on August 12, 2010, Defendant then removed the case on September 15, 2010. As a result of the removal, all discovery has been stayed in this case pursuant to Rule 26(f), and the parties will not be able to conduct discovery until a Rule 26(f) conference is conducted. Now that the Court has issued the Notice of Intent to Schedule the Case, the parties will be conducting a Rule 26(f) Conference in accordance with the Court's Order. Plaintiffs are attempting to schedule this conference and will serve discovery on Defendant as soon as the conference is completed in accordance with Fed. R. Civ. Proc. 26(f).

The claims asserted by Plaintiffs in this case are on behalf of a putative class of employees of Defendant Home Depot, Inc. for accrued vacation wages. These employees uniformly suffered the loss and forfeiture of accrued vacation wages and have not been paid for all earned and accrued vacation wages by Defendant.

Instead of recording the actual amount of vacation time used by employees and paying the employees for the balance of the unused vacation according to law, Plaintiffs contend that Defendant automatically assumes that the employees have used all of their vacation time whether this was the case or not. As a result of this improper recording practice Defendant executed an unlawful uniform policy and systematic practice of failing to pay the Plaintiffs and each member of the class the total amount of vacation pay due upon termination of their employment with Defendant.

After removal, the parties have exchanged informal discovery in order to assess the merits of Plaintiffs' theory of the case explained above.[1] The parties are continuing these discussions with the aim of formulating an effective strategy for the litigation of this case once the rules allow for Plaintiffs to start conducting discovery.

Until such time, however, Plaintiffs require relief from the Local Rule 23-3 as Plaintiff must be permitted an opportunity to conduct formal discovery before moving for class certification. This opportunity to conduct discovery necessary for class certification has not been afforded to Plaintiffs before the deadline imposed by the Local Rule 23-3 has run. Therefore, Plaintiffs respectfully request relief from the deadline imposed by Local Rule 23-3, and submits that the parties will then meet and confer and present a reasonable class certification schedule for Court approval.

## II.     RELEVANT BACKGROUND

This case involves a class claim by Plaintiff, on behalf of himself and a class of similarly situated employees, to recover unpaid vacation pay wages that Defendant failed to pay the Plaintiffs and the members of the Class upon employment termination, in violation of the California Labor Code, Section 201, 202, 203 and 227.3.

The Complaint in this action was filed in Orange County Superior Court on August 12, 2010 and was promptly served on Defendant. On September 13, 2010, Defendant answered the complaint, and on September 15, 2010, Defendant removed the action to this Court. [Doc. No. 1]. On December 6, 2010 the Court issued the Notice of Intent to Schedule the Case, [Doc. No. 6]. Plaintiffs then requested on December 20, 2010 that Defendant stipulate to provide Plaintiffs relief from L.R.23-3 so as to facilitate counsel's early discussions and exchanges of informal discovery. Plaintiffs have requested to meet with Defendant to complete the Rule 26(f) process.

---

[1] California Labor Code § 227.3 requires an employee to pay all unused vacation at employment termination. Defendant contends that all unused vacation was paid. Plaintiffs' records, however, show that Defendant's records as to vacation "taken" by the Plaintiffs are incorrect as explained above.

Plaintiffs require discovery before moving for class certification. Indeed, due process mandates that Plaintiffs be permitted the opportunity to perform discovery before class certification. <u>Wiegele v. Fedex Ground Package Sys</u>., 2007 U.S. Dist. LEXIS 9444, *5 (S.D. Cal. 2007); <u>Bartold v. Glendale Federal Bank</u>, 81 Cal. App. 4th 816, 827 (2000).

Discovery in this case has been stayed under Rule 26(f). As a result, Plaintiffs cannot file the class certification motion at this time which is prior to conducting any discovery. Plaintiffs must be permitted the opportunity to conduct discovery before moving for class certification. Accordingly, relief from the local rule is appropriate.

## II.  THERE IS GOOD CAUSE FOR PLAINTIFF'S APPLICATION BECAUSE ALL DISCOVERY WAS STAYED UNDER RULE 26

As this Court is aware, Federal Rules of Civil Procedure, Rule 26(d) restricts discovery as follows:

> a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).

As a result, until Defendant confers with Plaintiffs as required by Rule 26(f), Plaintiffs are prevented from performing any discovery in this case. Nevertheless, even if the Rule 26(f) conference is conducted forthwith and discovery is immediately served thereafter, Plaintiffs will not receive begin to obtain initial discovery until February 2011. In cases such as this one, certification discovery will likely involve several rounds and disputes would delay discovery even further. Thus, Rule 26(f) and the scope of discovery required for class certification prevents Plaintiffs from filing a motion for class certification within the deadline imposed by Local Rule 23-3.

Plaintiffs are in the proverbial Catch-22. Plaintiffs cannot move for class certification until necessary discovery is provided by the Defendant and no discovery can be served until the Rule 26(f) process is completed. Thus, there has been no opportunity to obtain any discovery before the Local Rule 23-3 deadline.

Moreover, the 2003 amendments to Rule 23 altered the procedure for and timing of class certification as explained by Judge Wilson of this Court:

> First, the amendments to Rule 23 eliminated the prior Rule 23(c)(1)(C) provision that allowed the conditional granting of class certification. Second, Rule 23(c)(1)(A) previously stated that a class certification decision be made "as soon as practicable."
> The amendments changed Rule 23(c)(1)(A) to state that a decision should be made **"at an early practicable time."**

Thompson v. Clear Channel Comm., 2007 U.S. Dist. Lexis 82894, *26 (C.D. Ca. 2007).[2]

These 2003 amendments affirm the need for discovery to support class certification:

> This change was not cosmetic; rather the Advisory Committee explained:
>
>> Time may be needed to gather information. Although an evaluation for the probable outcome on the merits is not properly part of the certification decision, **discovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial. In this sense it is appropriate to conduct controlled discovery into the 'merits,' limited to those aspects relevant to making the certification decision on an informed basis. . . . A critical need is to determine how the case will be tried.**
>
> F. Rule Civ. Pro. Rule 23(c)(1)(A) Advisory Committee Notes; see also Hurley v. United States Healthworks Med. Group, No. 05-0017, 2006 U.S. Dist. LEXIS 44062, 2006 WL 1788994 at *4 & n.1 (E.D. Wash. June 27, 2006) (explaining the amendment and noting that the amended language is "substantially different").

*See* Dodd-Owens v. Kyphon, 2007 U.S. Dist. Lexis 79068, *6 (N.D. Cal. 2007).

As a result, Local Rule 23-3 no longer comports with the 2003 amendments to Rule 23 and the need for discovery in advance of class certification. Further, Courts hold that a plaintiff has a "due process right" to discovery, not only for trial, but also with respect to class certification. See Wiegele v. Fedex Ground Package System, 2007 U.S.Dist. Lexis 9444, *5 (S.D. Cal. 2007) ("Plaintiff's need and due process right to conduct discovery on class action issues"); Bartold v. Glendale Federal Bank, 81 Cal. App. 4th 816, 827, 97 Cal. Rptr. 2d 226 (2000) (due process requires an opportunity to conduct discovery on class action issues prior to class certification proceedings, and

---

[2] Unless otherwise indicated, all emphasis is added and all internal citations are omitted.

discovery of putative plaintiffs' names and addresses should be provided before the class is certified, not after).

At least one Court has concluded that class certification may not be denied simply because the named plaintiffs failed to file their motion timely. Buttino v. FBI, 1992 U.S. Dist. LEXIS 21919 (N.D. Cal. 1992). As the Court in Buttino held:

> Leniency in this area is reasonable in light of the policy reasons underlying class actions. Thus, where a lawsuit fulfills the requirements of a class action, the fundamental objective of facilitating judicial economy supports a finding that a motion for class certification should not be defeated where the motion is somewhat untimely. Additionally, the court finds that because the defendant has been aware of plaintiff's attempts to add class allegations since September 1990, defendant is not prejudiced by certifying the class at this time.

Buttino, supra, at *15-16.

Respectfully, Plaintiffs must be permitted the opportunity to conduct discovery before being required to move for class certification. As a result, Plaintiffs have herein good cause for the order requested in that the Local Rule 23-3 provides in relevant part that the Court may change this timing requirement:

> Within 90 days after service of a pleading purporting to commence a class action... ...the proponent of the class shall file a motion for certification that the action is maintainable as a class action, **unless otherwise ordered by the Court**.

### III. PLAINTIFFS ATTEMPTED TO MEET AND CONFER

In accordance with Local Rule 7-19, Plaintiffs attempted to meet and confer with counsel for Defendant to obtain Defendant's agreement to relief from the deadline imposed by Local Rule 23-3.

On January 4, 2010, following up with correspondence sent December 20, 2010, Plaintiffs' counsel conferred with counsel for Defendant, Damien DeLaney and other counsel, at 310.728.3015. Plaintiffs indicated that relief was appropriate given that the parties have been exchanging informal discovery and meeting and conferring regarding the merits of the claims asserted by Plaintiffs. Although Defendant indicated a desire to continue the dialogue before continuing litigation of this case, Defendant would not

agree to stipulate for the requested relief from L.R. 23-3. Plaintiffs' counsel advised Defendant's counsel that Plaintiff would be seeking the relief requested herein on an ex parte basis, however Defendant would not indicate whether or not this ex parte application would be opposed.

## IV.   PLAINTIFFS' REQUEST

Plaintiffs cannot move for class certification in advance of the Local Rule 23-3 deadline because of the fact that discovery is stayed under Rule 26(f) and thereafter cannot reasonably be completed by the Local Rule 23-3 deadline.

As a result, Plaintiffs request that the Court formally grant Plaintiffs relief from the requirements of Local Rule 23-3 and order that the parties meet and confer and present a reasonable schedule for class certification for the Court's approval in accordance with the Court's Order, [Doc. No. 6].

Respectfully submitted,

Dated:   January 5, 2010              BLUMENTHAL, NORDREHAUG & BHOWMIK

                                     By: */s/ Aparajit Bhowmik*
                                           Aparajit Bhowmik
                                           Attorneys for Plaintiffs

K:\D\NBB\Henshaw v. Home Depot\p-ex parte re LR 23-3-01.wpd