1  SCOTT J. WITLIN (SBN 137413)
   DAMIEN P. DELANEY (SBN 246476)
2  switlin@akingump.com
   ddelaney@akingump.com
3  AKIN GUMP STRAUSS HAUER & FELD LLP
   2029 Century Park East, Suite 2400
4  Los Angeles, California 90067
   Telephone:   310-229-1000
5  Facsimile:   310-229-1001

6
   Attorneys for Defendant
7  HOME DEPOT U.S.A., INC.

8

9

10            UNITED STATES DISTRICT COURT

11           CENTRAL DISTRICT OF CALIFORNIA

12                SOUTHERN DIVISION

13

| | |
|---|---|
| 14  MARTIN HENSHAW, an individual; VERN SOUZA, an individual; on behalf of themselves and all others similarly situated, | Case No. 8:10-CV-01392 CJC (RNBx) |
| 15 | DEFENDANT'S OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION FOR RELIEF FROM LOCAL RULE 23-3 [L.R. 23-3] |
| 16 | |
| 17                 Plaintiffs, | |
| 18      v. | Ctrm:   9B |
| 19  HOME DEPOT U.S.A., INC., a Delaware corporation, | Judge:   Hon. Cormac J. Carney |
| 20                 Defendants. | Action Filed:      August 12, 2010 |

21

22

23

24

25

26

27

28

## OPPOSITION TO *EX PARTE* APPLICATION

I.   INTRODUCTION

    Plaintiffs' *ex parte* application for relief from Central District Local Rule ("L.R.") 23-3 should be denied.  Plaintiffs have had every opportunity, from the moment this action was removed to this Court, to initiate the process of filing a motion for class certification.  They have known from the outset that L.R. 23-3 required them to file a motion for class certification not later than 90 days from the service of the complaint.  Nonetheless, plaintiffs did nothing until December 20, 2010 – 35 days after the L.R. 23-3 period expired when, for the first time, they asked defendant Home Depot, U.S.A, Inc. to stipulate to relief from the Local Rule.

    There is no good cause for the *ex parte* relief requested and the Court should not reward plaintiffs for their lack of diligence.  This Court has made clear, in a number of instances, that L.R. 23-3 is not advisory and that failure to comply disqualifies a party from seeking class certification.  Here, plaintiffs have done nothing to prosecute their class claims, waiting until far after passage of the deadline to seek relief from it.  In addition, because the time set forth in L.R. 23-3 already has passed, there can be no exigency necessitating *ex parte* relief.  The very relief plaintiffs seek could have been sought through a regularly noticed motion.

    Further, there is no good cause for *ex parte* relief because plaintiffs' cannot hope to succeed on a motion for class certification.  Plaintiffs have not suffered the same alleged injury as the class they seek to represent and plaintiffs' counsel have failed to conduct a reasonable investigation of its clients' claims that would reveal that fact.  Moreover, since plaintiffs' counsel have not complied with the Local Rules, they cannot be deemed to be adequate counsel.  Thus, plaintiffs cannot hope to satisfy the elements of class certification.  The Court need not exercise its discretion to grant plaintiffs relief from the L.R. 23-3 deadline because plaintiffs' motion for class certification is doomed.

100503127 v2

## II.   BACKGROUND

Plaintiffs filed this action in the Superior Court of California, County of Orange, on August 12, 2010, and served Home Depot on August 16, 2010.  Home Depot timely removed the action on September 15, 2010.  (Docket ("Dkt.") No. 1).  Prior to removal, even though California law permitted plaintiffs to serve discovery requests on Home Depot 10 days after service of the summons (*see* Cal. Code Civ. Proc. § 2030.020(b)), plaintiffs did not serve any written discovery requests or deposition notices on Home Depot.

After removal, plaintiffs did not contact Home Depot to request relief from the L.R. 23-3 deadline, to schedule a Rule 26(f) conference, or to initiate any informal exchange of information.  On November 12, 2010, in an effort to resolve the litigation before either side incurred significant cost, Home Depot sent plaintiffs an audit of the vacation hours of both named plaintiffs.  Declaration of Damien P. DeLaney ("DeLaney Decl.") ¶ 2.  The audits showed that both plaintiffs were fully paid for all their accrued vacation time.  *Id.*  Indeed, the Henshaw audit showed that he had been *overpaid* for accrued vacation time.  *Id.*  Thus, Home Depot informed plaintiffs' counsel that the plaintiffs were not entitled to recover damages.  *Id.*

On November 15, 2010, the 90-day period for plaintiffs to file a motion for class certification expired.  Yet, plaintiffs still had not requested a Rule 26(f) conference or relief from L.R. 23-3, nor had they made any effort to propose a formal exchange of discovery.  Instead, on November 23, 2010, plaintiffs requested further information regarding Home Depot's policies on the accrual of vacation pay.  DeLaney Decl. ¶ 3.  On December 3, 2010, Home Depot informed plaintiffs that it would provide the information, but requested that plaintiffs first agree to a protective order, and enclosed a draft for their review.  DeLaney Decl. ¶ 4.  After hearing nothing further from plaintiffs for almost two weeks, Home Depot followed up with plaintiffs concerning the status of the protective order on December 14, 2010, and was informed on December 17, 2010 that plaintiffs would forward a signed copy of the protective order on December 20,

2

2010.  DeLaney Decl. ¶ 5.  After plaintiffs finally signed the protective order on December 20, 2010, Home Depot provided Plaintiffs with this information that same day. *Id.*

On December 20, 2010 – just before the holidays and a full 35 days after the expiration of plaintiffs' time to file a motion for class certification – plaintiffs asked Home Depot for the first time to stipulate to relief from L.R. 23-3.  DeLaney Decl. ¶ 6, Ex. A.  The parties conferred by telephone conference on January 4, 2011.  DeLaney Decl. ¶ 7.  Home Depot informed plaintiffs that it would not stipulate to any relief from L.R. 23-3 because the plaintiffs do not have cognizable claims and because they had not diligently sought discovery or relief from the L.R. 23-3 deadline before the end of the 90-day period. *Id.*

On January 5, 2011, plaintiffs requested additional information from Home Depot to address supposed questions concerning the amount of vacation taken by their clients, based on records they claimed to have received from their clients, but refused to provide to Home Depot when requested.  DeLaney Decl. ¶ 8.  On January 5, 2011, plaintiffs filed their *ex parte* application seeking relief from L.R. 23-3. (Dkt. No. 7).  Fifteen minutes before electronically filing their application, counsel for plaintiffs emailed defense counsel to request, *for the first time*, a Rule 26(f) conference.  DeLaney Decl. ¶9, Ex. B.

III.   <u>ARGUMENT</u>

A.     There Is No Good Cause To Grant Plaintiffs Relief From L.R. 23-3
       <u>Because Plaintiffs Have Not Diligently Prosecuted Their Claims</u>.

Plaintiffs have not diligently prosecuted their class claims, and thus cannot show good cause for relief from L.R. 23-3.  To justify *ex parte* relief, a party must meet two requirements:  (1) the moving party must show that it "is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect"; and (2) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed

3

100503127 v2

1   motion procedures." *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F.

2   Supp. 488, 492 (C.D. Cal. 1995).

3            The *ex parte* application for relief was filed 51 days after the expiration of the 90-

4   day period under L.R. 23-3, 112 days after this case was removed to this Court, and 141

5   days "after service of a pleading purporting to commence [this putative] class action."

6   Thus, plaintiffs had 61 days before expiration of the L.R. 23-3 deadline to ask Home

7   Depot to stipulate to a different schedule. They did not. Plaintiffs have had the entire

8   112 days to ask Home Depot for a Rule 26(f) conference. They waited until the 112th

9   day to do so. The fact that plaintiffs have squandered this time demonstrates that there

10   is no good cause to grant *ex parte* relief now.

11            Cases decided by this Court confirm that plaintiffs must be diligent in seeking

12   class certification within the time allowed by L.R. 23-3. In *Martinez v. Saint-Gobain*

13   *Containers*, No. SACV 06-00690-CJC (MLGx) (C.D. Cal. July 15, 2008) (Carney, J.)

14   (Dkt. No. 33), the Court observed that the failure to file a motion for class certification

15   within the time provided by L.R. 23-3 bears on the adequacy of the plaintiff and counsel

16   to adequately represent the class. *See* Request for Judicial Notice ("RJN") ¶ 1 (slip op.

17   at 2-3). Similarly, in *Paige v. California*, No. CV 97-3929 CBM (C.D. Cal. Nov. 1,

18   2000) (CTx) (Dkt. No. 60), the Court dismissed plaintiff's class claims for failure to

19   comply with then-Local Rule 18.3 (identical in content to L.R. 23-3), even though

20   discovery had previously been stayed and defendant allegedly failed to comply with its

21   discovery obligations. *See* RJN ¶ 2 (slip op. at 2-3). Moreover, despite plaintiffs'

22   contrary assertions (App. at 6), this Court has stated several times that class certification

23   may be denied solely for the failure to comply with L.R. 23-3. *Seig v. Yard House*

24   *Rancho Cucamonga*, No. CV-07-2105 PA (MANx), 2007 WL 6894503, at *2 (C.D. Cal

25   Dec. 10, 2007) ("Because plaintiffs failed to comply with Local Rule 23-3's ninety-day

26   time limit for filing motions for class certification, . . . the Court denies Plaintiff's

27   Motion for Class Certification *on this basis alone*." (emphasis added)) ; *see also*

28   *Osborne v. Prudential Ins. Co. of Am.*, No. CV 10-2465-JFW (CWx), 2010 WL

4

4103680, at *1-*2 (C.D. Cal. Oct. 14, 2010) (striking late-filed motion for class certification and denying leave to re-file); *Verner v. Swiss II, LLC*, No CV-09-5701 PA (CTx), 2010 WL 99084, at * 2-*3 (C.D. Cal. Jan. 6, 2010) (same).

Plaintiffs claim to be in a Catch-22, but it is one created by their own inaction. The stay of discovery continues in this action because plaintiffs waited until January 5, 2011, to ask Home Depot for a Rule 26(f) conference. *See* Fed. R.Civ. P. 26(d)(1) ("A party may not seek discovery from any source *before the parties have conferred* as required by Rule 26(f) . . ." (emphasis added)). Plaintiffs could have asked Home Depot for a Rule 26(f) conference at any time after the action was removed, but waited 112 days after removal to do so. Had they done so, the stay of discovery would have lifted by the terms of Rule 26(d)(1). Yet, nowhere in their *ex parte* application do plaintiffs explain why they waited until 15 minutes prior to filing the application to first attempt to initiate the Rule 26(f) conference. But even if there had been a real impediment to conducting the Rule 26(f) conference sooner, plaintiffs could have sought relief before the deadline in L.R. 23-3 expired. Yet they offer no explanation for why they waited until 35 days until after the expiration of the L.R. 23-3 period to ask Home Depot to stipulate to more time.

Principles of due process do not require the relief sought. Plaintiffs alone are responsible for moving their case forward. They cannot be heard to complain when their own lack of diligence makes compliance with the rules of this Court difficult or impossible.

B. No Exigency Exists For Ex Parte Relief As The Time To Comply With L.R. 23-3 Already Has Passed.

Moreover, because the time to bring a motion within the time limit set forth in L.R. 23-3 already has passed, plaintiffs cannot show that their cause will be prejudiced unless *ex parte* relief is granted. Plaintiffs already have missed the deadline to file their motion for class certification. Having missed the deadline, there is no additional harm

to plaintiffs' cause that will result if the relief had been sought through regularly noticed motion. As a result, the irreparable harm requirement for *ex parte* relief also is not met

C.   There Is No Good Cause For Relief From L.R. 23-3 Because Plaintiffs' <u>Claims Lack Merit</u>.

Further, the Court should deny the requested relief because plaintiffs cannot possibly obtain class certification or prevail on the merits of their claims. In their application, plaintiffs assert that "the parties have exchanged informal discovery in order to assess the merits of Plaintiffs' theory of the case . . . ." (App. at 3). But the parties have not *exchanged* discovery. *Home Depot provided plaintiffs with an audit of their accrued and paid vacation time.* This audit demonstrates that each plaintiff was fully paid for his accrued vacation time; in fact, plaintiff Henshaw was *overpaid*.[1] Plaintiffs have not provided Home Depot with *any* "informal discovery" or evidence that undermines the findings of its audit, although Home Depot has requested that plaintiffs provide it with any such evidence.

This fact suggests that, for several reasons, plaintiffs cannot hope to prevail on a motion for class certification. First, the plaintiffs cannot be typical class representatives if they do not have cognizable claims. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (typicality not established when the plaintiff's "unique background and factual situation require him to prepare to meet defenses that are not typical of the defenses which may be raised against other members of the proposed class"). Plaintiffs' claims are not typical of the alleged class because the evidence shows they were fully paid all accrued vacation time.

---

[1] Plaintiffs contend, for the first time in their *ex parte* application, that "[d]efendant automatically assumes that the employees have used all of their vacation time whether this was the case or not." (App. at 2). Yet plaintiffs know that this allegation is false. In the complaint, plaintiffs allege that they *received* compensation for unused vacation pay, but that the amount they received was deficient. (Complaint, ¶¶ 5-6). It follows that, if Home Depot paid plaintiffs for *some* of their accrued vacation time, it could not have "assumed" that there was no accrued vacation pay owing to the employee.

OPPOSITION TO *EX PARTE* APPLICATION FOR RELIEF FROM LOCAL RULE 23-3

100503127 v2

Second, plaintiffs' counsel's failure fully to investigate their clients' claims raises serious questions about their adequacy as class counsel. Under Rule 23(g)(1)(A)(i), in determining the adequacy of putative class counsel, the Court must consider "the work counsel has done in identifying or investigating potential claims in the action." Here, it appears that counsel has done no work to determine whether either of its clients had a colorable claim before filing the complaint. *See Martinez v. Saint-Gobain Containers, supra; see also Kandel v. Brother Int'l Corp.*, 264 F.R.D. 630, 635 (C.D. Cal. 2010) (denying class certification where counsel failed to follow local rules and to consider important legal and factual issues). The Court need not grant plaintiffs additional time to file a motion for class certification that is futile.

## IV.   CONCLUSION

In sum, Home Depot respectfully requests that the Court deny plaintiffs' ex parte application for relief from Local Rule 23-3.


Dated:  January 7, 2011          AKIN GUMP STRAUSS HAUER & FELD LLP


                                 By___*/s/ Damien P. DeLaney*_____
                                      Damien P. DeLaney
                                 Attorneys for HOME DEPOT U.S.A., INC.

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, California 90067. On January 7, 2011, I served the foregoing document(s) described as: **DEFENDANT'S OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION FOR RELIEF FROM LOCAL RULE 23-3 [L.R. 23-3]** on the interested party(ies) below, using the following means:

**All parties identified for Notice of Electronic Filing
generated by the Court's CM/ECF system under the
referenced case caption and number**

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 7, 2011 at Los Angeles, California.

Carmen M. Ayala
[Print Name of Person Executing Proof]

[Signature]

---

OPPOSITION TO *EX PARTE* APPLICATION FOR RELIEF FROM LOCAL RULE 23-3

100503127 v2