# Ayala, Carmen

| | |
|---|---|
| From: | AJ Bhowmik [aj@bamlawlj.com] |
| Sent: | Monday, December 20, 2010 2:09 PM |
| To: | DeLaney, Damien; Witlin, Scott |
| Cc: | Norman B. Blumenthal; Kyle Nordrehaug |
| Subject: | Henshaw v. Home Depot |
| Attachments: | d-Stipulation re LR 23-3-01.pdf |

Damien:

I write to request relief from Local Rule 23-3, which provides in relevant part:

"Within 90 days after service of a pleading purporting to commence a class action...
...the proponent of the class shall file a motion for certification that the action is
maintainable as a class action, unless otherwise ordered by the Court."

I have prepared a draft stipulation for relief from the Court with respect to this
deadline on the basis that discovery could not be obtained (nevermind completed) within
the LR 23-3 deadline.  The draft is attached hereto for your review.

I am requesting Defendant's agreement for relief from the deadline for both parties.  As
you may be aware, we have been in discussions with Mr. Joshua B. Waxman regarding the
class claims asserted in this case.  The relief from LR Rule 23-3 is appropriate in order
to allow the parties to continue these discussions in order to evaluate the case.

Plaintiffs also require discovery before moving for class certification.  Indeed, due
process mandates that Plaintiffs be permitted the opportunity to perform discovery before
class certification.  *Wiegele v. Fedex Ground Package Sys.*, 2007 U.S. Dist. LEXIS 9444,
*5 (S.D. Cal. 2007); *Bartold v. Glendale Federal Bank*, 81 Cal. App. 4th 816, 827 (2000).

Currently, all discovery in this case is stayed under Rule 26(f).  As a result,
Plaintiffs are in no position to file the class certification motion at this time which
is prior to conducting any discovery.  Plaintiffs must be permitted the opportunity to
conduct discovery before moving for class certification.  Accordingly, relief from the
local rule is appropriate.

Please advise if Defendant will stipulate to the relief, as I would rather submit a
stipulation than move *ex parte*.  If the Defendant will not stipulate, please advise if
Defendant would oppose an *ex parte* request for the same so that I can inform the Court
appropriately.

Your courtesy and cooperation is appreciated.

Thanks,

AJ

1  **BLUMENTHAL, NORDREHAUG & BHOWMIK**
    Norman B. Blumenthal (State Bar #068687)
2   Kyle R. Nordrehaug (State Bar #205975)
    Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5  Firm Website: http://www.bamlawca.com

6  Attorneys for Plaintiffs

7
   **AKIN GUMP STRAUSS HAUER & FELD LLP**
8   Scott J. Witlin (SBN 137413)
    Damien P. Delaney (SBN 246476)
9  2029 Century Park East, Suite 2400
   Los Angeles, CA 90067
10 Telephone: (310) 229-1000
   Facsimile: (310) 229-1001
11
   Attorneys for Defendant
12

13                    **UNITED STATES DISTRICT COURT**
14                    **CENTRAL DISTRICT OF CALIFORNIA**
15                           **SOUTHERN DIVISION**
16

| MARTIN HENSHAW, an individual; VERN SOUZA, an individual; on behalf of themselves and all others similarly situated, | Case No. **8:10-cv-01392-CJC-RNB** (Class Action) |
|---|---|
| Plaintiffs, | STIPULATION FOR RELIEF FROM LOCAL RULE 23-3 |
| v. | |
| HOME DEPOT U.S.A., INC., a Delaware corporation, and DOES 1-50 | Judge:    Hon. Cormac J. Carney<br>Court No.:  9B |
| Defendants. | Action Filed:    August 12, 2010 |

STIPULATION FOR RELIEF FROM LOCAL RULE 23-3
-1-

1  **WHEREAS**, Plaintiffs MARTIN HENSHAW and VERN SOUZA ("Plaintiffs")
2  filed this suit as a class action against Defendant HOME DEPOT U.S.A., INC.
3  ("Defendant") in Orange County Superior Court on August 12, 2010;

4  **WHEREAS**, on September 15, 2010, Defendant removed this action to federal
5  court;

6  **WHEREAS**, Local Rule 23-3 requires Plaintiff to "within 90 days after service
7  of a pleading purporting to commence a class action...file a motion for certification that
8  the action is maintainable as a class action, unless otherwise
9  ordered by the Court";

10 **WHEREAS**, Plaintiff cannot move for class certification in advance of the Local
11 Rule 23-3 deadline because discovery is stayed under Rule 26(f) and the motion cannot
12 reasonably be completed within the Local Rule 23-3 deadline;

13 **NOW, THEREFORE,** Plaintiff and Defendant, through their respective counsel
14 of record, stipulate and request as follows:

15 Subject to Court approval the Parties agree that the automatic timing requirements
16 of Local Rule 23-3 shall not apply in this case and, instead, pursuant to the "unless
17 otherwise ordered" provision of Local Rule 23-3, a customized schedule for addressing
18 a schedule for class certification in this case shall be addressed by the Parties at the early
19 meeting of counsel in advance of the first status conference and be set as part of the
20 initial scheduling order under Rule 16(b) of the Federal Rules of Civil Procedure.

21 **IT IS SO STIPULATED AND AGREED.**

Dated: December ___, 2010      BLUMENTHAL, NORDREHAUG & BHOWMIK

                               By: _____
                                   Aparajit Bhowmik
                                   Attorneys for Plaintiff

Dated: December ___, 2010      AKIN GUMP STRAUSS HAUER & FELD LLP

                               By: _____
                                   Scott J. Witlin
                                   Attorneys for Defendant

## [PROPOSED] ORDER

Based on the parties' stipulation the Plaintiff is not required to meet the timing requirements of Local Rule 23-3. Instead, a customized schedule for class certification in this case shall be addressed by the Parties at the early meeting of counsel in advance of the first status conference and be set as part of the initial scheduling order under Rule 16(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: _____

UNITED STATES DISTRICT JUDGE