## Ayala, Carmen

**From:** AJ Bhowmik [aj@bamlawlj.com]
**Sent:** Wednesday, January 05, 2011 4:47 PM
**To:** DeLaney, Damien; Witlin, Scott
**Cc:** Norman B. Blumenthal; Kyle Nordrehaug; Cohn, Joel; Waxman, Josh; Piya Mukherjee
**Subject:** RE: Henshaw v. Home Depot

Damien:

Please advise when you are free to conduct the Rule 26(f) conference in this case pursuant to the Court's 12/6/2010 Order. I am generally free all this week and next.

Thank you,

-AJ

---

**From:** DeLaney, Damien [mailto:ddelaney@AKINGUMP.com]
**Sent:** Tuesday, January 04, 2011 11:08 AM
**To:** AJ Bhowmik; Witlin, Scott
**Cc:** Norman B. Blumenthal; Kyle Nordrehaug; Cohn, Joel; Waxman, Josh
**Subject:** RE: Henshaw v. Home Depot

AJ: I just left a voicemail message for you. I'd like to set up a call with you and Joel Cohn and Josh Waxman from our D.C. office to discuss this case. Are you, Norm and/or Kyle available for a call later today? I know that tomorrow will not work on our end. Please reply by email or call me at 310-728-3016 to discuss.

Thanks,
Damien

---

**From:** AJ Bhowmik [mailto:aj@bamlawlj.com]
**Sent:** Tuesday, January 04, 2011 10:49 AM
**To:** DeLaney, Damien; Witlin, Scott
**Cc:** Norman B. Blumenthal; Kyle Nordrehaug
**Subject:** FW: Henshaw v. Home Depot

Damien:

I'm writing to follow up regarding the message below and the attached stipulation. Please review and advise.

Thank you,

-A.J.

---

**From:** AJ Bhowmik
**Sent:** Monday, December 20, 2010 2:09 PM
**To:** DeLaney, Damien; 'switlin@akingump.com'
**Cc:** Norman B. Blumenthal; Kyle Nordrehaug
**Subject:** Henshaw v. Home Depot

```
Damien:

I write to request relief from Local Rule 23-3, which provides in relevant part:
```

1

"Within 90 days after service of a pleading purporting to commence a class action...
...the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court."

I have prepared a draft stipulation for relief from the Court with respect to this deadline on the basis that discovery could not be obtained (nevermind completed) within the LR 23-3 deadline.  The draft is attached hereto for your review.

I am requesting Defendant's agreement for relief from the deadline for both parties.  As you may be aware, we have been in discussions with Mr. Joshua B. Waxman regarding the class claims asserted in this case.  The relief from LR Rule 23-3 is appropriate in order to allow the parties to continue these discussions in order to evaluate the case.

Plaintiffs also require discovery before moving for class certification.  Indeed, due process mandates that Plaintiffs be permitted the opportunity to perform discovery before class certification.  *Wiegele v. Fedex Ground Package Sys.*, 2007 U.S. Dist. LEXIS 9444, *5 (S.D. Cal. 2007); *Bartold v. Glendale Federal Bank*, 81 Cal. App. 4th 816, 827 (2000).

Currently, all discovery in this case is stayed under Rule 26(f).  As a result, Plaintiffs are in no position to file the class certification motion at this time which is prior to conducting any discovery.  Plaintiffs must be permitted the opportunity to conduct discovery before moving for class certification.  Accordingly, relief from the local rule is appropriate.

Please advise if Defendant will stipulate to the relief, as I would rather submit a stipulation than move *ex parte*.  If the Defendant will not stipulate, please advise if Defendant would oppose an *ex parte* request for the same so that I can inform the Court appropriately.

Your courtesy and cooperation is appreciated.

Thanks,

AJ

_____
IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.