# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| VALENTINE MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAINT-GOBAIN CONTAINERS,<br><br>　　　　Defendant. | Case No.: SACV 06-00690-CJC(MLGx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |

Plaintiff Valentine Martinez moves the Court for an order certifying several classes of employees allegedly denied meal and rest breaks by Defendant Saint-Gobain Containers ("Saint-Gobain").[1] The action was initially filed by Mr. Martinez in Superior Court for the County of Orange on April 21, 2006. Saint-Gobain was served with the complaint on June 28, 2006. On July 28, 2006, Saint-Gobain removed the case to federal court. (Docket Entry 1.) The Court issued a scheduling order on October 11, 2006, setting discovery and motion cut-offs dates, as well as pre-trial

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* FED. R. CIV. P. 78; LOCAL RULE 7-15. Accordingly, the hearing set for July 21, 2008 at 1:30 p.m. is hereby vacated and off calendar.

EXHIBIT C - PAGE 10

conference and trial dates. (Docket Entry 11.) On January 19, 2007, the Court stayed the action for ninety days pending mediation between the parties. (Docket Entry 15.) The parties completed an unsuccessful, one-day mediation on July 12, 2007.

The case was dormant for the eight-month period between July 2007 and March 2008, at which time Mr. Martinez's counsel contacted Saint-Gobain's counsel regarding discovery matters. On May 8, 2008, the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute. (Docket Entry 17.) In response to the Court's order, Mr. Martinez requested that the Court issue a scheduling order to establish "a workable timetable for the next stages of this case, including the date for the filing of a motion for class certification." Saint-Gobain objected on the ground that Mr. Martinez was precluded from moving for class certification more than 90 days after filing his class action complaint pursuant to Local Rule 23-3.[2]

The Court discharged the Order to Show Cause and directed Mr. Martinez to file a motion for class certification. In opposition to Mr. Martinez's motion for class certification, Saint-Gobain renewed its argument that Mr. Martinez is precluded from moving for class certification at this late date under Local Rule 23-3. Saint-Gobain further argues that Mr. Martinez's failure to comply with Local 23-3 and his failure to timely file a motion for class certification strongly suggests he is not an adequate class representative under Federal Rule of Civil Procedure 23(a)(4). On the latter point, the Court agrees.

---

[2] Local Rule 23-3 provides, in pertinent part: "Within 90 days after service of a pleading purporting to commence a class action . . . , the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court."

Rule 23(a)(4) allows for certification of a class only if "the representative parties will fairly and adequately protect the interests of the class." In applying Rule 23(a)(4), the court must decide whether "the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (*citing Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978)). This requirement is grounded in the notion of due process: if absent class members are to be bound by any judgment reached in this action, they must be afforded diligent and qualified representation. *Id*. "In assessing whether class representatives and their counsel will vigorously prosecute a class action litigation, courts may consider the actual progress of the proceedings to that point. Delays in seeking class certification [and] a failure timely to prosecute the litigation . . . are factors that suggest that the class representative is inadequate." *Evans v. IAC/Interactive Corp.*, 244 F.R.D. 568, 577 (C.D. Cal. 2007) (*citing E. Tex. Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 295, 405 (1977) (failure to move for class certification before trial indicated that representative was inadequate); *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130-31 (1st Cir. 1985) (long delay in prosecution of case demonstrates plaintiff's indifference to protecting class interests)).

In *Jones v. Hartford Insurance Company*, 243 F.R.D. 694 (N.D. Fla. 2006), the plaintiff filed a motion for class certification 161 days after the complaint was filed.[3] The Court noted that the ninety day rule was not a purely mechanical device, but instead was "premised on sound practical considerations." *Id*. at 695. The class representative's lawsuit only tolls the statute of limitations applicable to class

---

[3] The Northern District of Florida maintains a Local Rule similar to the Central District's Local Rule 23-3. N.D. Fla. Local Rule 23.1(B) provides: "Within ninety (90) days after the filing of a complaint in a class action, unless this period is extended on motion for good cause appearing, the plaintiff shall move for a determination under Fed. R. Civ. P. 23(c)(1), as to whether the case is to be maintained as a class."

members' claims if class certification is ultimately successful. Accordingly, as pre-certification delay mounts, class members are at an ever-increasing risk that their rights will be extinguished if class certification is unsuccessful. In fact, the very pendency of the lawsuit may encourage class members to neglect their rights as the class complaint is litigated. *Id*. (citing *Williams v. S. Bell Tel. & Tel. Co.*, 1978 WL 73, at *2-3 (S.D. Fla. 1978)). Given the court's independent obligation to assess whether class treatment is appropriate under Rule 23(c)(1), the *Jones* court did not dismiss the class allegations merely for failing to comply with the ninety-day local rule. *See id.* at 696. Instead the court concluded that failing to timely move for certification "constitute[d] a 'failure to protect the interests of class members' and 'surely bears strongly on the adequacy of the representation that those class members might expect to receive.'" *Id*. (*quoting E. Tex. Motor Freight Sys., Inc.*, 431 U.S. at 405)). In the absence of a valid excuse for the certification delay, the court concluded that plaintiffs were not adequate representatives of the class and denied certification. *Id*. at 696-97.

The same result is appropriate here. By Saint-Gobain's calculation, Mr. Martinez moved for a briefing schedule (which included a class certification motion) 627 days after filing the complaint and 323 days after the failed mediation attempt. (Opp'n 10.) Mr. Martinez allowed the case to lie dormant for the eight-month period between July 2007 and March 2008. Throughout these eight months, Mr. Martinez imposed upon class members the risk that portions of their otherwise valid claims would be extinguished if his certification motion was ultimately unsuccessful.[4] In *Jones*, the court concluded a 161-day delay indicated the class representative would not vigorously prosecute the action on behalf of the class members. 243 F.R.D. at

---

[4] For purposes of a motion for class certification, the Court assumes the truth of the allegations in the complaint.

-4-

EXHIBIT C - PAGE 13

696. Here, the Court is faced with a much lengthier delay of, at the very least, 323 days.[5] Without any valid excuse for the significant delay, the Court cannot conclude that Mr. Martinez has met his burden of proving he will vigorously prosecute this action in the best interest of the absent class members. *See Hanlon*, 150 F.3d at 1020; *Evans*, 244 F.R.D. at 577; *Jones*, 243 F.R.D. at 696. To the contrary, Mr. Martinez's conduct suggests this case is not a priority to him or his counsel. Such an attitude is unacceptable if Mr. Martinez seeks to represent the important substantive rights of others and ultimately bind them to the resolution he and his counsel reach.

Consequently, Mr. Martinez's motion for class certification is DENIED. Mr. Martinez retains the right to pursue his wage and hour claims against Saint-Gobain on an individual basis.

DATED:   July 15, 2008

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[5] Two courts in the Central District of California have concluded that failure to comply with Local Rule 23-3 alone is a basis for dismissing class claims. *See Stearn v. Experian Info. Solutions, Inc.*, No. 2:06-cv-02249-PA-PLA (C.D. Cal. July 17, 2006) (civil minutes); *Paige v. California*, No. 2:97-cv-03929-CBM-SH (C.D. Cal. Nov. 1, 2000). The *Stearn* and *Paige* courts did not even reach the impact of the failure to comply with Local Rule 23-3 on the adequacy of representation under Rule 23(a)(4).