**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-01392-CJC(RNBx)                              Date:  February 8, 2011

Title: <u>MARTIN HENSHAW, VERN SOUZA ET AL. V. HOME DEPOT U.S.A, INC.</u>


PRESENT:

<u>**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**</u>

<u>Michelle Urie</u>                                         <u>    N/A    </u>
Deputy Clerk                                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                              None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFFS' MOTION FOR RELIEF FROM LOCAL RULE 23-3** [filed 1/14/11]

    Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* FED. R. CIV. P. 78; LOCAL RULE 7-15.  Accordingly, the hearing set for February 14, 2011 at 1:30 p.m. is hereby vacated and off calendar.

**Introduction and Background**

    Plaintiffs Martin Henshaw and Vern Souza (collectively "Plaintiffs") filed this putative class action against Defendant Home Depot U.S.A, Inc. ("Home Depot"), alleging violations of the California Labor Code and California's Unfair Competition Law, in the Superior Court for the County of Orange on August 12, 2010.  Home Depot was served summons and a copy of the complaint on August 16, 2010.  On September 15, 2010, Home Depot removed the case to federal court.  On January 5, 2010, Plaintiffs filed an ex parte application to seek relief from Local Rule 23-3, which requires Plaintiffs purporting to bring class actions to file a motion for class certification within 90 days from service of the complaint upon Home Depot.  The Court denied Plaintiffs' ex parte application without prejudice.  Plaintiffs now renew their request pursuant to a regularly noticed motion.  For the following reasons, Plaintiffs' motion is GRANTED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-01392-CJC(RNBx)            Date: February 8, 2011
                                                                                                    Page 2

**Analysis**

       Local Rule 23-3 requires Plaintiffs to file a motion to certify their action as a class action within 90 days of service of the complaint, "unless ordered otherwise by the Court." Local Rule 23-3. Since Plaintiffs served Home Depot with summons and a copy of the complaint on August 16, 2010, Local Rule 23-3 required Plaintiffs to file their motion for class certification by November 14, 2010. On December 20, 2010, after Plaintiffs' counsel realized the Local Rule 23-3 deadline had passed, Plaintiffs' counsel asked Home Depot to stipulate to relief from the Local Rule. (Bhowmik Decl. ¶ 4.) On January 4, 2010, Home Depot notified Plaintiffs' counsel that it would not stipulate to the requested relief. (Delaney Decl. ¶ 7.) Plaintiffs then sought relief from the Court pursuant to an ex parte application on January 5, 2010 and the instant regularly noticed motion.

       When a party requests an extension after the time for filing a particular motion expires, the Court has discretion to extend the timing for motion papers for "good cause" based on a finding that the party "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept'...." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 392 (1993). To determine whether neglect is "excusable," courts must consider "all relevant circumstances" including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395.

       Plaintiffs have met their burden to show that their failure to timely file a motion to request relief from Local Rule 23-3 was "excusable" under the circumstances. Although Plaintiffs' counsel admitted that he is responsible for missing the Local Rule 23-3 deadline because he mistakenly failed to calendar it, (Bhowmik Decl. ¶ 2), the omission only resulted in a delay of approximately one month, at least some of which is attributable to the parties' inability to meet and confer over the winter holidays, (*Id.* ¶ 4; Delaney Decl. ¶ 7). Plaintiffs presented evidence that they agreed to engage in some preliminary, informal discovery with Home Depot in order to save time and costs (Norderhaug Suppl. Decl. ¶ 2) and they have been diligently prosecuting the case over the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-01392-CJC(RNBx)   Date: February 8, 2011
Page 3

last four months by reviewing the pay and vacation records that Home Depot voluntarily produced for the named plaintiffs, (Nordrehaug Decl. ¶ 6).  There is no reason to believe that Plaintiffs' failure to timely seek relief from Local Rule 23-3 was done in bad faith.  Moreover, a short delay does not pose a substantial risk of prejudice to Home Depot or significant delay to the proceedings, especially since the parties only began formal discovery in mid-January 2011 and the Court has not yet scheduled discovery or motion deadlines.

Plaintiffs have similarly shown "good cause" for relief from Local Rule 23-3.  The parties did not meet to confer regarding formal discovery until January 18, 2011, which is prior to the January 28, 2011 deadline set by the Court.  Plaintiffs were therefore prevented from conducting any formal discovery against Home Depot until January 18, 2011.  *See* Fed. R. Civ. P. 26(d)(1).  In order to bring their claims on behalf of others similarly situated, Plaintiffs seek additional time to conduct formal pre-certification discovery to determine whether there are additional class members based on payroll records, which are generally held by a defendant employer such as Home Depot.  Moreover, as discussed above, there is no evidence Home Depot will suffer prejudice from allowing Plaintiffs to engage in at least some pre-certification discovery.

However, the Court is sensitive to the potential prejudice to Home Depot if Plaintiffs are allowed to draw out the time for discovery unnecessarily or if the time extension delays the trial schedule.  To minimize this potential prejudice, Plaintiffs are hereby granted an extension of approximately three months to complete any pre-certification discovery.  Plaintiffs must file their motion for class certification by May 1, 2011.  In order to allow Defendants to complete any additional discovery necessary to oppose the motion, Defendants shall have until August 1, 2011 to file their opposition to the motion for class certification.

**Conclusion**

Therefore, Plaintiffs' motion for relief from Local Rule 23-3 is GRANTED.  Plaintiffs shall file their motion for class certification no later than May 1, 2011.  Home Depot shall file its opposition to the motion for class certification no later than August 1, 2011.  Plaintiffs shall file their reply by August 22, 2011.  The hearing on Plaintiffs'

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-01392-CJC(RNBx)                    Date: February 8, 2011
                                                    Page 4

---

motion for class certification is scheduled for September 12, 2011.

mkyc

MINUTES FORM 11
CIVIL-GEN                                           Initials of Deputy Clerk MU