**BLUMENTHAL, NORDREHAUG & BHOWMIK**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232

Attorneys for Plaintiffs

FILED

2011 FEB 18 PM 1:55

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY ______

BY FAX

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

MARTIN HENSHAW and VERN SOUZA, on behalf of themselves and all persons similarly situated,

Plaintiffs,

vs.

HOME DEPOT U.S.A., INC., and DOES 1 through 50,

Defendants.

Case No. 8:10-cv-01392-CJC-RNB

**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**

1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 ET SEQ;

2. FAILURE TO PAY ACCRUED VACATION COMPENSATION IN VIOLATION OF CAL. LAB. CODE §§ 201, 202, 203, & 227.3; and,

3. LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004

**DEMAND FOR A JURY TRIAL**

Plaintiff Martin Henshaw and Plaintiff Vern Souza, individuals, allege upon information and belief, except for their own acts and knowledge, the following:

## NATURE OF THE ACTION

1. Pursuant to the Fed. R. Civ. Proc. 23(b)(2) and/or (3), Plaintiff Martin Henshaw and Plaintiff Vern Souza (collectively the "PLAINTIFFS") bring this action on behalf of themselves and on behalf of a class consisting of all individuals employed by Defendant Home Depot U.S.A., INC. ("HOME DEPOT" or "DEFENDANT") in California whose employment terminated during the applicable CLASS PERIOD as herein defined (the "CLASS"). The PLAINTIFFS and the CLASS suffered the loss and forfeiture of accrued vacation wages and have not been paid for all earned and accrued vacation wages by DEFENDANT. HOME DEPOT's unlawful, unfair, and deceptive employment and wage practices cheat the PLAINTIFFS, and the other members of the CLASS, out of their lawful wages and vacation pay due in violation of the California Labor Code and the California Business & Professions Code.

## THE PARTIES

2. Founded in 1978 and incorporated under the laws of Delaware, Defendant Home Depot U.S.A., Inc. ("HOME DEPOT" or "DEFENDANT") has become the world's largest home improvement specialty retailer and the fourth largest retailer in the United States, with fiscal 2009 retail sales of $66.2 billion and earnings from continuing operations of $2.6 billion. HOME DEPOT has more than 2,200 retail stores in the United States, Canada, Mexico and China, and at all relevant times during the CLASS PERIOD, was doing and continues to do regular and substantial business in California, including in Orange County.

3. The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendant DOES 1 through 50, inclusive, are presently unknown to the PLAINTIFFS who therefore sues these defendants by such

fictitious names pursuant to Cal. Civ. Proc. Code § 474. The PLAINTIFFS will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFFS are informed and believe, and based upon that information and belief allege, that the defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

4. The PLAINTIFFS and the members of the proposed CLASS are individuals employed by HOME DEPOT in California whose employment with DEFENDANT terminated at any time within the four (4) years preceding the commencement of this Action.

5. Plaintiff Martin Henshaw, at all relevant times mentioned herein, resided in the state of California. Plaintiff Henshaw was employed by HOME DEPOT continuously from February 1991 to June 2010, during which he earned and accumulated approximately 528 hours of vacation pay. On June 9, 2010, after working for DEFENDANT for over nineteen (19) years, Plaintiff Henshaw's employment was terminated by HOME DEPOT. As part of DEFENDANT's uniform policy and systematic scheme of failing to pay the members of the CLASS all the vacation pay they earned and accumulated upon the termination of their employment, HOME DEPOT intentionally and in bad faith compensated Plaintiff Henshaw for less than thirty-five percent (35%) of the vacation wages that he earned and accumulated, and that DEFENDANT still owes him.

6. Plaintiff Vern Souza, at all relevant times mentioned herein, resided in the state of California. Plaintiff Souza was employed by HOME DEPOT continuously from 1987 to June 2010, during which he earned and accumulated around 1210 hours of vacation pay. On June 10, 2010, after working for DEFENDANT for over twenty three (23) years, HOME DEPOT terminated Plaintiff Souza's employment. Although Plaintiff Souza had earned and accumulated about 1210 hours of vacation pay during the twenty-

three (23) years of his employment, as part of DEFENDANT's uniform policy and systematic scheme of denying the members of the CLASS all the vacation pay due upon the termination of their employment, HOME DEPOT intentionally and in bad faith compensated him for less than forty-five percent (45%) of the vacation wages that he earned and accumulated, and that DEFENDANT still owes him.

## GENERAL ALLEGATIONS

7. At all times during the term of the their employment with HOME DEPOT, the CLASS members, including the PLAINTIFFS, had earned and accrued vested vacation and holiday time on the date of their termination pursuant to DEFENDANT's uniform vacation policies and applicable California law. The amount of vacation pay that the PLAINTIFFS and the other members of the CLASS earned and accumulated is evidenced by DEFENDANT's business records, including by the Kronos timekeeping system. During the CLASS PERIOD, HOME DEPOT executed the unlawful uniform policy and systematic practice of failing to pay the PLAINTIFFS and each member of the CLASS the total amount of vacation pay due upon termination of their employment with DEFENDANT. As a result of the DEFENDANT's unlawful practice, policy and procedure to deny paying the PLAINTIFFS and the other members of the CLASS all of their vested vacation and holiday time, DEFENDANT failed to pay the PLAINTIFFS and the members of the CLASS all vested vacation time as wages due upon employment termination, in violation of the California Labor Code, Section 201, 202, 203 and 227.3. This failure by DEFENDANT is believed to be the result of DEFENDANT's unlawful, unfair and deceptive refusal to provide compensation for earned, accrued and vested vacation and holiday time. DEFENDANT perpetrated this unlawful, unfair and deceptive practice to the detriment of the PLAINTIFFS and the members of the CLASS. DEFENDANT's uniform practice and policy of failing to pay the CLASS members for all vested vacation and holiday time accumulated at employment termination violated and continues to violate Section 227.3 of the California Labor Code.

8. As a result of DEFENDANT's standardized policies, practices, and procedures as herein alleged, DEFENDANT caused the PLAINTIFFS, and the other members of the CLASS, to be denied payment of accumulated unpaid vested vacation time as wages at employment termination. The members of the CLASS, including the PLAINTIFFS, lost money as a result of the DEFENDANT's standardized policies, practices, and procedures alleged herein, and were personally subjected to the unlawful, unfair and deceptive practices of DEFENDANT.

9. HOME DEPOT currently has, and at all relevant times herein had, a uniform vacation time policy applicable to all of the members of the CLASS, including the PLAINTIFFS. Pursuant to this uniform vacation policy, the PLAINTIFFS and the other members of the CLASS earn vacation pay as follows:

(a) Two weeks of vacation time per year for years one through five;

(b) Three weeks of vacation time per year for years five through fifteen;

(c) Four weeks of vacation time per year for years fifteen through twenty; and,

(d) Five weeks of vacation time for each respective year after twenty.

10. HOME DEPOT's uniform policy and practice in California is that vacation may be carried from one year to another without a cap of the total amount of vacation time employees may accrue.

11. HOME DEPOT's uniform vacation policy applicable to all the members of the CLASS, including the PLAINTIFFS, further provides:

> Upon the termination of employment, all accrued, unused vacation hours between most recent anniversary date through the effective termination date will be paid to the associate. In addition, all unused vacation time carried over from previous years will be paid.

12. The fact that HOME DEPOT failed to pay the PLAINTIFFS, and the other members of the CLASS, all vacation pay earned and accumulated at the time of termination is evidenced by HOME DEPOT's business records, including reports generated by the KRONOS timekeeping system and the human resources department.

13. Throughout the CLASS PERIOD, despite the fact that the PLAINTIFFS and the other members of the CLASS had earned and accumulated vacation pay at the time their employment terminated, DEFENDANT exercised and continues to exercise an unlawful practice through which DEFENDANT systematically fails to pay the members of the CLASS, including the PLAINTIFFS, for all of the vacation pay they have earned and accumulated throughout their employment with HOME DEPOT. DEFENDANT also made and continues to make false representations to the PLAINTIFFS and the other members of the CLASS with respect to the vacation pay they earned and accumulated throughout the course of their employment with DEFENDANT, including, but not limited to, falsely representing that upon the termination of their employment with DEFENDANT, the PLAINTIFFS and the other members of the CLASS: (a) Are not entitled to all the vacation pay they have earned and accumulated during the course of the their employment; and (b) Have already been paid all of their earned vacation time, when in fact, they have not been compensated for all earned and accumulated vacation time.

14. California Labor Code Section 201 and 202 require an employer to pay all wages earned and unpaid, including vested vacation time, at the time of the discharge of employment. An immediate payment of wages is due for any unused or accumulated vacation, annual leave, holiday leave, or time off.

15. California Labor Code § 227.3 further provides:

> § 227.3. Payment for vested vacation time on termination of employment. Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination. The Labor Commissioner or a designated representative, in the resolution of any dispute with regard to vested vacation time, shall apply the principles of equity and fairness.

16. At all relevant times mentioned herein, DEFENDANT represented that at employment termination, the CLASS members would be paid in a lump sum full for all accrued vacation time.

17.     Accordingly, and despite the fact that they earned and accumulated vacation time, the PLAINTIFFS and the other members of the CLASS did not receive compensation for all of their vested vacation time upon employment termination as required by California law.  With respect to all members of the CLASS, DEFENDANT as a matter of uniform company policy, intentionally and knowingly failed to pay these wages due to each and every CLASS member upon the termination of their employment, by systematically underpaying the vacation time owed to the members of the CLASS.

## CLASS ALLEGATIONS

18.     Pursuant to the Fed. R. Civ. Proc. 23(b)(2) and/or (3), Plaintiffs Martin Henshaw and Plaintiff Vern Souza (collectively the "PLAINTIFFS") bring this Action on behalf of themselves and on behalf of a class consisting of all individuals employed by HOME DEPOT in California whose employment terminated during the CLASS PERIOD (the "CLASS"). The "CLASS PERIOD" applicable to the CLASS is defined as the period commencing on the date four (4) years prior to the filing of this Complaint and ending on a date to be determined by the Court.

19.     During the CLASS PERIOD, HOME DEPOT uniformly violated the rights of the members of the CLASS, including the PLAINTIFFS, under California law by:

        (a)     Committing an act of unfair competition in violation of the California Labor Code, by failing to compensate PLAINTIFFS and the members of the CLASS for all vacation pay earned upon termination of employment;

        (b)     Falsely representing to the PLAINTIFFS and the other members of the CLASS that they were not entitled to all of the vacation pay they earned and accrued upon termination; and,

        (c)     Changing and/or modifying the actual amount of vacation pay the PLAINTIFFS and the members of the CLASS earned and accrued

throughout their employment with HOME DEPOT.

20.      HOME DEPOT uniformly violated the rights of the PLAINTIFFS and the members of the CLASS under California law. There are numerous questions of law and fact common to all the members of the CLASS. These questions include, but are not limited to, the following:

(a)      Whether HOME DEPOT's policies, practices and pattern of conduct described in this Complaint was and is illegal;

(b)      Whether HOME DEPOT has engaged in a common course of failing to compensate employees for all vacation pay earned and accumulated upon termination;

(c)      Whether HOME DEPOT has engaged in a common course of changing, altering and/or modifying the amount of vacation pay employees earned and accumulated throughout their employment;

(d)      Whether HOME DEPOT has engaged in a common course of misrepresenting that the members of the CLASS are not entitled to all vacation pay earned and accumulated upon termination of employment with DEFENDANT;

(e)      Whether HOME DEPOT's failure to compensate employees for all vacation pay earned violates Section 227.3 of the California Labor Code;

(f)      Whether HOME DEPOT's failure to compensate employees for all vacation pay earned upon employment termination violates Section 201-203 of the California Labor Code;

(g)      Whether HOME DEPOT has engaged in unfair competition by the above-listed conduct; and,

(h)      Whether HOME DEPOT's conduct was willful.

21.      This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)   The persons who comprise the CLASS are so numerous that the joinder of
all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court. There are more than fifty (50) individuals in the CLASS;

(b)   Nearly all factual, legal, statutory, declaratory and injunctive relief issues
that are raised in this Complaint are common to the CLASS and will apply uniformly to every member of the CLASS;

(c)   The claims of the representative PLAINTIFFS are typical of the claims of each member of the CLASS. The PLAINTIFFS, like all the other members of the CLASS, failed to receive compensation for all vested vacation and holiday time upon employment termination as a result of DEFENDANT's standardized policies, practices and procedures. The PLAINTIFFS and the other members of the CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair, systematic and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d)   The representative PLAINTIFFS will fairly and adequately represent and protect the interest of the CLASS, and have retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the PLAINTIFFS and the members of the CLASS that would make class certification inappropriate.  Counsel for the CLASS will vigorously assert the claims of all members of the CLASS.

22.   In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to   Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a) Without Class certification and determination of declaratory, injunctive,

statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CLASS will create the risk of:

    (i) Inconsistent or Varying adjudications with respect to individual

        members of the CLASS which would establish incompatible standards of conduct for the parties opposing the CLASS; or,

    (ii) Adjudication with respect to individual members of the CLASS

        which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests;

(b) The parties opposing the CLASS have acted or refuse to act on grounds generally applicable to the CLASS, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the CLASS as a whole; or

(c) Common questions of law and fact exist as to the members of the CLASS and predominate over any question affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

    (i) The interests of the members of the CLASS in individually controlling the prosecution or defense of separate actions;

    (ii) The extent and nature of any litigation concerning the controversy

        already commenced by or against members of the CLASS;

       (iii)   The desirability or undesirability of concentrating the litigation of

          the claims in the particular forum; and,

       (iv)   The difficulties likely to be encountered in the management of a Class Action.

23.    This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), because:

    (a)   The questions of law and fact common to the CLASS predominate over any question affecting only individual members;

    (b)   A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CLASS;

    (c)   The members of the CLASS are so numerous that it is impractical to bring all members of the CLASS before the Court;

    (d)   The PLAINTIFFS, and the other CLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

    (e)   There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations and other improprieties, and in obtaining adequate compensation for the economic injuries which DEFENDANT's actions have inflicted upon the CLASS;

    (f)   There is a community of interest in ensuring that the combined assets and available insurance, if any, of DEFENDANT are sufficient to adequately compensate the members of the CLASS for the injuries sustained; and,

    (g)   DEFENDANT has acted or refused to act on grounds generally

applicable to the CLASS, thereby making final injunctive relief appropriate.

## JURISDICTION & VENUE

24. Defendant removed this action to Federal Court from the Orange County Superior Court on the basis that Defendant contends there is jurisdiction pursuant to 28 U.S.C. § 1332.

25. Venue is proper in this Court and judicial district pursuant to 28 U.S.C. §1391 because (i) DEFENDANT conducts and conducted substantial business within this judicial district and maintains offices in this judicial district, (ii) the causes of action alleged herein arose in whole or in part in this judicial district, and (iii) DEFENDANT committed wrongful conduct against members of the class in this district. Venue is also proper in this district because the complaint was initially filed in the Orange County Superior Court, but was later removed by Defendant to this Court.

## FIRST CAUSE OF ACTION

**For Unfair Competition**

**[Cal. Bus. & Prof. Code §§ 17200 et. seq.]**

**(By the PLAINTIFFS AND CLASS and against All Defendants)**

26. The PLAINTIFFS, and the other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 25 of this Complaint.

27. DEFENDANT is a "person" as that term is defined under the California Business & Professions Code, Section 17021.

28. California Business & Professions Code Sections 17200 et seq. (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

29. By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited California Labor Code §§ 201, 202, 216 and 227.3. As a result, the DEFENDANT's policies, practices and procedures alleged herein constitute an unlawful business practice.

30. By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which is likely to deceive DEFENDANT's employees. The DEFENDANT's conduct is likely to deceive employees because the DEFENDANT represents to employees that (i) they earned and accumulated vacation hours during their employment, and (ii) they would be paid in full for all vested vacation in a lump sum payment upon employment termination, when in fact DEFENDANT secretly deleted and/or denied payment of vested vacation upon termination. As a result, the DEFENDANT's policies, practices and procedures alleged herein constitute a deceptive business practice.

31. By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which is unfair to DEFENDANT's employees. The DEFENDANT's conduct is unfair because denying vacation pay that employees earned through the performance of labor, after representing to the employees that they earned and accumulated vacation pay and are entitled such compensation upon employment termination, is immoral, unethical, oppressive, and unscrupulous, and violates public policy. As a result, the DEFENDANT's policies, practices and procedures alleged herein constitute an unfair business practice.

32. At all times relevant hereto, by and through the conduct described herein,

DEFENDANT engaged in unlawful, unfair and/or deceptive business practices by failing to pay the PLAINTIFFS, and the other members of the CLASS, compensation for vested vacation upon termination of employment with DEFENDANT, pursuant to the applicable provisions of the California Labor Code, in violation of the California Business and Professions Code, Sections 17200 et. seq., and has thereby deprived the PLAINTIFFS, and the other members of the CLASS, of wages.

33. By and through the unlawful, unfair and/or deceptive business practices described herein, DEFENDANT obtained valuable property, money, and services from the PLAINTIFFS, and the other members of the CLASS, and has deprived them of valuable rights and benefits guaranteed by law, all to their detriment.

34. All the acts described herein as violations of, among other things the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, unscrupulous, and likely to deceive, and thereby constitute unlawful, unfair and/or deceptive business practices in violation of the California Business and Professions Code, Sections 17200 et. seq.

35. The PLAINTIFFS, and the other members of the CLASS, are entitled to, and do, seek such relief as may be necessary to restore to them the money which the DEFENDANT may have acquired, or of which PLAINTIFFS, and other members of the CLASS, have been deprived, by means of the above described unlawful, unfair and/or deceptive business practices.

36. The PLAINTIFFS, and the other members of the CLASS, are further entitled to, and do, seek a declaration that the above described business practices are unlawful, unfair and/or deceptive and that an injunctive relief should be issued restraining DEFENDANT from engaging in any of the above described unlawful, unfair and/or deceptive business practices in the future.

37. The PLAINTIFFS, and the other members of the CLASS, have no plain, speedy, and/or adequate remedy at law to redress the injuries which they have suffered

as a consequence of the unlawful, unfair and/or deceptive business practices of DEFENDANT. As a result of the unlawful, unfair and/or deceptive business practices described above, the PLAINTIFFS, the other members of the CLASS, have suffered and will continue to suffer irreparable harm unless DEFENDANT is restrained from continuing to engage in these unlawful, unfair and/or deceptive business practices. Therefore, the DEFENDANT should be required to disgorge the unpaid wages into a common fund for restitution of these wages to the PLAINTIFFS and to the members of the CLASS.

**SECOND CAUSE OF ACTION**

**For Failure to Pay Vacation Compensation**

**[Cal. Lab. Code §§ 201, 202, 203 &227.3]**

**(By the PLAINTIFFS AND CLASS and against All Defendants)**

38. PLAINTIFFS, and the other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 37 of this Complaint.

39. Cal. Lab. Code § 201 provides, " if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

40. Cal. Lab. Code § 202 provides that if an employee quits his or her employment, "his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

41. The California Labor Code, Section 203, provides:

> if an employer wilfully fails to pay, without abatement or reduction, in accordance to Sections 201, 201.5, 202, and 205, any wages of an employee who is discharged or quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

Cal. Lab. Code § 203.

42. Cal. Lab. Code § 227.3 provides that whenever a contract of employment of employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation time shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served.

43. At all times relevant hereto, the PLAINTIFFS, and the other members of the CLASS, earned and accumulated unused vested vacation leave.

44. At all times relevant hereto, DEFENDANT failed to pay the PLAINTIFFS, and the other members of the CLASS, compensation for all of the vested vacation time earned throughout their employment with HOME DEPOT, which is due PLAINTIFFS and other members of the CLASS upon employment termination, in violation of Cal. Lab. Code §§ 201, 202 and 227.3. The PLAINTIFFS, on behalf of themselves and on behalf of the CLASS, therefore seek recovery of the earned vacation time which DEFENDANT failed to pay them upon the termination of their employment with HOME DEPOT.

45. The PLAINTIFFS, and the other members of the CLASS, are informed and believe, and based upon that information and belief allege, that DEFENDANT willfully and intentionally failed to pay these wages to the PLAINTIFFS and the other members of the CLASS, in violation of California Labor Code §§ 201& 202. The PLAINTIFFS and the other members of the CLASS therefore request recovery of the wage compensation for vested vacation leave, according to proof, interest, as well as the assessment of penalties against DEFENDANT, in a sum as provided by the Cal. Lab. Code § 203 and/or other statutes.

## THIRD CAUSE OF ACTION

**Labor Code Private Attorneys General Act of 2004**

**[Cal. Lab. Code § 2698 et. seq.]**

46. Plaintiffs incorporates by reference the allegations set forth in paragraphs 1-45, supra, as though fully set forth at this point.

47. Plaintiffs bring this representative action on behalf of themselves and on behalf of all individuals who are or previously were employed by Defendant whose employment was terminated during the applicable statutory period as determined by the Court (the "Aggrieved Employees").

48. Plaintiffs gave written notice by certified mail to the Labor and Workforce Development Agency (the "Agency") on November 16, 2010 and the employer of the specific provisions of this code alleged to have been violated as required by Labor Code § 2699.3. The statutory waiting period for Plaintiff to add these allegations to the Complaint has expired on January 6, 2011 when the Agency notified Plaintiffs that the LWDA does not intend to investigate the allegations. As a result, pursuant to Section 2699.3, Plaintiffs may now commence a civil action pursuant to Section 2699.

49. The policies, acts and practices heretofore described were and are an unlawful business act or practice because Defendants' failure to compensate employees for all vacation pay earned violates the applicable Labor Code sections listed in Labor Code §2699.5 as set forth hereinabove and thereby gives rise to statutory penalties as a result of such conduct. Plaintiffs, as aggrieved employees, hereby seek recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 on behalf of themselves and other Aggrieved Employees, against whom one or more of the violations of the Labor Code was committed.

## PRAYER

WHEREFOR, the PLAINTIFFS pray for judgment against each Defendant, jointly and severally, as follows:

**1. On the First Cause of Action:**

A) For restitutionary disgorgement of vacation time wages; and,

B) For injunctive relief ordering the business practices found to be unlawful, unfair and/or deceptive to cease, or as the Court otherwise deems just and proper.

**2. On the Second Cause of Action:**

A) For damages, including unpaid wages according to proof; and,

B) For statutory damages and/or penalties;

**3. On All Causes of Action:**

A) For an award of interest, including prejudgment interest at the legal rate;

B) For an award of statutory costs;

C) For such other and further relief as the Court may deem just and proper.

**4. On the Third Cause of Action:**

A) Recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004.

Dated: February 17, 2011

BLUMENTHAL, NORDREHAUG & BHOWMIK

By: ______________________
Norman B. Blumenthal
Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

PLAINTIFFS demand a jury trial on issues triable to a jury.

Dated: February 17, 2011

BLUMENTHAL, NORDREHAUG & BHOWMIK

By: ______________________
Norman B. Blumenthal
Attorneys for Plaintiffs

# EXHIBIT #1

# CALIFORNIA
# Labor & Workforce Development Agency

Governor
Secretary
Agricultural Labor Relations Board
California Unemployment Insurance Appeals Board
California Workforce Investment Board
Department of Industrial Relations
Economic Strategy Panel
Employment Development Department
Employment Training Panel

January 06, 2011

**CERTIFIED MAIL**

Aparajit Bhowmik, Esq.
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, CA 92037

RE: Employer: Home Depot c/o Akin Gump
RE: Employee(s): Martin Henshaw and Vern Souza
RE: LWDA No: 7258

This is to inform you that the Labor and Workforce Development Agency (LWDA) received your notice of alleged Labor Code violations pursuant to Labor Code Section 2699, postmarked November 16, 2010, and after review, does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides that "...civil penalties recovered by aggrieved employees shall be distributed as follows: 75 percent to the LWDA for enforcement of labor laws and education of employers and employees about their rights and responsibilities under this code." Labor Code Section 2699(l) specifies "[T]he superior court shall review and approve any penalties sought as part of a proposed settlement agreement pursuant to this part."

Consequently, you must advise us of the results of the litigation, and forward a copy of the court judgment or the court-approved settlement agreement. Please be certain to reference the above LWDA assigned Case Number in any future correspondence.

Sincerely,

Doug Hoffner
Undersecretary

Cc: Home Depot c/o Akin Gump
11333 New Hampshire Avenue, NW
Washington, DC 20036

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Firm Website: http://www.bamlawca.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MARTIN HENSHAW, an individual; VERN SOUZA, an individual; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation, and DOES 1-50<br><br>Defendants. | Case No. **8:10-cv-01392-CJC-RNB**<br>(Class Action)<br><br>PROOF OF SERVICE<br><br>Judge: Hon. Cormac J. Carney<br>Court No.: 9B<br><br>Action Filed: August 12, 2010 |

**CERTIFICATE OF SERVICE**

I, am, at all relevant times, was a citizen of the United States and a resident of the County of San Diego and am employed by the attorney of record in this action located at 2255 Calle Clara, La Jolla, CA 92037. I hereby certify that the following document(s):

**(1)** FIRST AMENDED COMPLAINT

have been served on the parties listed below pursuant to the following method(s):

_x_ (BY MAIL): I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Diego, California. I am readily familiar with this firm's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service pursuant to which practice the correspondence will be deposited with the U.S. Postal Service this same day in the ordinary course of business (C.C.P. Section 10139a); 2015.5):

_**XX**_ (Federal): I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the foregoing is true and correct under penalty of perjury.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on February 18, 2011 at San Diego, California.

Aparajit Bhowmik