1   **BLUMENTHAL, NORDREHAUG & BHOWMIK**
2     Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
3   2255 Calle Clara
La Jolla, CA 92037
4   Telephone: (858)551-1223
Facsimile: (858) 551-1232
5
6   Attorneys for Class Plaintiffs
7
8
9                    **UNITED STATES DISTRICT COURT**
10
11       **CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

12   MARTIN HENSHAW, and VERN          Case No. 8:10-cv-01392-CJC-RNBx
SOUZA, on behalf of themselves and
13   all persons similarly situated,      <u>CLASS ACTION</u>

14                Plaintiffs,            MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
15   vs.                                PLAINTIFFS' MOTION TO
CONSOLIDATE AND FILE A
16   HOME DEPOT U.S.A., INC., and       CONSOLIDATED COMPLAINT
DOES 1 through 50,
17
18                Defendants.           Hearing Date:    July 25, 2011
Hearing Time:    1:30 p.m.
19                                       Court No.:       9B
Judge:       Hon. Cormac J. Carney
20
21
22                                       Action Filed:    August 12, 2010
23
24
25
26
27
28

# TABLE OF CONTENTS

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.   Consolidation  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.   Proposed Consolidated Complaint  . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.  NATURE OF RELATED ACTIONS CURRENTLY PENDING . . . . . . . . . . 2

    A.   Henshaw v. Home Depot  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.   Heinzman v. Home Depot . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III. DEFENDANT CONSENTS TO CONSOLIDATION . . . . . . . . . . . . . . . . . . 4

IV.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED  . . . . . . . . . . . 4

    A.   The Related Actions Raise Identical  Issues of Fact and Law  . . . . . . . 5

    B.   Consolidation Benefits All Parties to the Related Actions as Well as
       Promotes Judicial Economy and Efficiency  . . . . . . . . . . . . . . . . . . . . 6

    C.   Consolidation Does Not Prejudice Any of the Parties  . . . . . . . . . . . . 7

    D.   Merger of Related Actions Is Appropriate to Avoid Conflict and
       Confusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

V.   PLAINTIFFS SHOULD BE GRANTED LEAVE TO FILE A
    CONSOLIDATED COMPLAINT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    A.   This Motion Is Brought in Good Faith . . . . . . . . . . . . . . . . . . . . . . . . 9

       1.   Revision of Factual Allegations . . . . . . . . . . . . . . . . . . . . . . . . 9

       2.   Revision of Class Definition . . . . . . . . . . . . . . . . . . . . . . . . . 10

       3.   Additional Class Representatives . . . . . . . . . . . . . . . . . . . . . . 10

    B.   This Motion to Amend Is Timely Brought . . . . . . . . . . . . . . . . . . . . 11

    C.   The Amended Complaint Is Not Futile . . . . . . . . . . . . . . . . . . . . . . . 11

    D.   Plaintiffs' Amended Complaint Will Not
       Unfairly Prejudice Defendant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

VI.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

1

<u>TABLE OF AUTHORITIES</u>

2

**9th CIRCUIT CASES:**

3

<u>AmerisourceBergen Corp. v. Dialysist West, Inc.</u>,
465 F. 3d 946 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

4

5

<u>Griggs v. Pace Am. Group, Inc.</u>,
170 F.3d 877 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

6

<u>Howey v. United States</u>,
481 F.2d 1187 (9th Cir. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

7

8

<u>Huene v. United States</u>,
743 F.2d 703, 704 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

9

<u>Investors Research Co. v. United States Dist. Court for Dent. Dist.</u>,
877 F.2d 777 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

10

<u>Loehr v. Ventura County Community College Dist.</u>,
743 F.2d 1310 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

11

12

<u>Morongo Band of Mission Indians v. Rose</u>,
893 F. 2d 1074 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

13

<u>Narvaes v. EMC Mortg Corp.</u>,
2009 U.S. Dist. LEXIS 38084 (D. Haw. Apr 30, 2009) . . . . . . . . . . . . . . . . 6

14

15

<u>Pierce v. County of Orange</u>,
526 F.3d 1190, 1203 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

16

<u>Schnabel v. Lui</u>,
302 F.3d 1023, 1035 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

17

18

<u>Steckman v. Hart Brewing, Inc.</u>,
143 F.3d 1293 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

19

<u>United States v. Webb</u>,
655 F.2d 977 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

20

21

**OTHER CASES:**

22

<u>Amparan v. Plaza Home Mortg., Inc.</u>,
2009 U.S. Dist. LEXIS 83110 (N.D. Cal. Aug. 28, 2009) . . . . . . . . . . . . . 1, 11

23

<u>Connecticut Gen. Life Ins. Co. v. Sun Life Assur. Co. of Canada</u>,
C.A.7th, 2000, 210 F.3d 771 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

24

25

<u>Continental Bank & Trust Co. v. Platzer</u>,
304 F.Supp. 228, 229-230 (S.D. Tex. 1969) . . . . . . . . . . . . . . . . . . . . . . . . . 7

26

<u>Cowen v. Bank United of Texas, FSB</u>,
70 F.3d 937 (7th Cir.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

27

28

DCD Programs, Ltd. v. Leighton,
    833 F.2d 183 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

Eminence Capital, LLC v. Aspeon, Inc.,
    316 F.3d 1048 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 12

Enzo Life Scis., Inc. v. Digene Corp.,
    270 F.Supp.2d 484 (D. Del. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Fleishman v. Prudential-Bache Sec.,
    103 F.R.D. 623, 624 (E.D. Wis. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Foman v. Davis,
    371 U.S. 178 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Frazier v. Garrison I.S.D.,
    980 F.2d 1514 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Gilliam v. Addicts Rehab. Ctr. Fund, No.
    2006 U.S. Dist. LEXIS 21377 (S.D.N.Y. Apr. 19, 2006) . . . . . . . . . . . . . 1, 11

Johnson v. Celotex Corp.,
    899 F.2d 1281 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Johnson v. Manhattan Ry.,
    289 U.S. 479, 53 S. Ct. 721, 77 L. Ed. 1331 (1933) . . . . . . . . . . . . . . . . . . 7

Palmer v. Stassinos,
    236 F.R.D. 460 (N.D. Cal. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 11

Morgan v. Laborers Pension Trust Fund for N. Cal.,
    81 F.R.D. 669 (N.D. Cal. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 11

Rohm & Haas Co. v. Mobil Oil Corp.,
    525 F.Supp. 1298 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Seguro de Servicio de Salud v. McAuto Sys. Group,
    878 F.2d 5 (1st Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Sequeira v. Rincon-Vitova Insectaries, Inc.,
    32 Cal.App.4th 632 [38 Cal. Rptr. 2d 264] (1995) . . . . . . . . . . . . . . . . . . 11

Southwest Marine, Inc. v. Triple A Match Shop, Inc.,
    720 F. Supp 805 (N.D. Cal. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**STATUTES AND RULES:**

F.R.C.P. 42 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4-6

Cal Code Civ Proc § 338 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Cal. Lab. Code §§ 201-203 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# I.     INTRODUCTION

Pursuant to Rule 42 (a) of the Federal Rules of Civil Procedure, Plaintiffs Martin Henshaw and Vern Souza (the "Plaintiffs") hereby move for an order to consolidate <u>Henshaw v. Home Depot U.S.A., Inc.</u>, Case No. 10-cv-1392-CJC (RNBx) ("<u>Henshaw</u>") with <u>Heinzman v. Home Depot U.S.A., Inc.</u>, Case No. 10-cv-01827-CJC (RNBx) ("<u>Heinzman</u>").

The legal and factual issues in each of these actions are virtually identical. Both actions allege that Defendant Home Depot U.S.A., Inc. ("Defendant" or "Home Depot") failed to pay accrued vacation wages to Defendant's employees. Both suits arise from the same transactions, happenings, or events, involve the same parties, and call for determination of the same questions of law and fact. As set forth below, to eliminate wasteful duplication, enhance trial court efficiency, avoid unnecessary costs and delay to the Court and to the parties, facilitate coordination, and avoid the substantial danger of inconsistent adjudications, the actions should be consolidated and merged before this Court for all purposes, including discovery and pre-trial and trial proceedings.

## A.     <u>Consolidation</u>

The class certification deadline in <u>Henshaw</u> is September 15, 2011 and the class certification deadline in <u>Heinzman</u> is October 24, 2011.  In the <u>Heinzman</u> action, the plaintiff seeks to represent a class of salaried employees employed by Defendant between August 25, 2006 and the present.  The <u>Henshaw</u> complaint currently defines the proposed class to include salaried and hourly employees employed between August 12, 2006 and the present.  Plaintiff Henshaw, however, seeks to limit the class definition to include only salaried employees by the filing of the proposed consolidated complaint. As a result, both parties seek to  represent an identical class of employees with virtually identical class periods.  As a result, in order to avoid duplication of efforts and the potential for inconsistent rulings with

1  respect to these identical classes, Plaintiffs respectfully submit that consolidation of

2  these cases should be granted with leave to file the proposed consolidated complaint.

3  **B.  Proposed Consolidated Complaint**

4  Plaintiffs also seek leave to file a proposed consolidated complaint which

5  incorporates Plaintiff Heinzman as an additional class representative, adds two (2)

6  other class representatives, and refines the class definition to exclude hourly

7  employees so as to allege a putative class of only salaried employees.  The

8  consolidated complaint also revises the factual allegations to describe the Defendant's

9  vacation pay practices with greater particularity.

10  The request to file the consolidated complaint should not be controversial as the

11  complaint does not in any way change the substance of the claims asserted herein.

12  Indeed, the revision of the class definition to include only salaried employees

13  substantially narrows the scope of the proposed class.  Further, the refined factual

14  allegations do not change the fundamental nature of the case which is that Defendant

15  failed to pay all accrued vacation wages to employees at the time of termination.

16  Finally, the addition of the additional class representatives prior to the filing of

17  Plaintiffs' motion for class certification is proper in that "requesting leave to amend to

18  add new representatives in a class action lawsuit is not uncommon."  Amparan v.

19  Plaza Home Mortg., Inc., 2009 U.S. Dist. LEXIS 83110, *5 (N.D. Cal. Aug. 28, 2009)

20  citing Palmer v. Stassinos, 236 F.R.D. 460, 464, 466 (N.D. Cal. 2006) (granting leave

21  to amend for the purpose of adding plaintiffs); Morgan v. Laborers Pension Trust

22  Fund for N. Cal., 81 F.R.D. 669, 673-675 (N.D. Cal. 1979) (same); Gilliam v. Addicts

23  Rehab. Ctr. Fund, No. 05 Civ. 3452 RJHRLE, 2006 U.S. Dist. LEXIS 21377, 2006

24  WL 1049352, at *2 (S.D.N.Y. Apr. 19, 2006) ("In class actions, plaintiffs may add or

25  modify class representatives during pre-class certification discovery." (citation

26  omitted)).

27  ///

28  ///

## II.   NATURE OF RELATED ACTIONS CURRENTLY PENDING

Currently, there are two (2) related "wage and hour" class action lawsuits ("Related Actions") pending in the United States District Court for the Southern District of California. The Related Actions were instituted, respectively, on behalf of employees of common Defendant Home Depot U.S.A., Inc. ("Home Depot"), [*See* Notice of Related Case, <u>Heinzman</u>, Doc. No. 3].

| Short Title of Case | Case No. | Date Filed |
|---|---|---|
| (A) <u>Henshaw v. Home Depot U.S.A., Inc.</u> | 10-cv-1392-CJC (RNBx) | August 12, 2010 |
| (B) <u>Heinzman v. Home Depot U.S.A., Inc.</u> | 10-cv-01827-CJC (RNBx) | August 25, 2010 |

### A.   <u>Henshaw v. Home Depot</u>

Plaintiffs Martin Henshaw and Vern Souza filed this putative class action August 12, 2008 in the Orange County Superior Court (the "<u>Henshaw Action</u>").  This case was then removed to the Central District by Defendant on September 15, 2010.

In the <u>Henshaw Action</u>, Plaintiff Henshaw's first amended complaint alleges that Defendant Home Depot USA, Inc. ("Defendant" or "Home Depot") failed to pay the putative class of hourly and salaried employees all accrued vacation wages.

Specifically, the operative complaint asserts claims for relief for: 1. Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200 et seq; 2.  Failure to Pay Accrued Vacation Compensation in Violation of Cal. Lab. Code §§ 201, 202, 203, & 227.3; and, 3.  Labor Code Private Attorneys General Act of 2004

Plaintiffs Henshaw and Souza are concurrently moving to file a consolidated complaint that will redefine the putative class to include only those employees who were employed by Defendant as salaried employees, consolidate the allegations of Plaintiff Heinzman therein, and also add two additional salaried employees as class representatives.

1   The operative First Amended Complaint currently alleges a putative class
2   comprised of both salaried and hourly employees.  After conducting discovery
3   Plaintiffs have discovered that while Home Depot applied the same vacation policies
4   to all salaried employees at termination, different vacation pay policies were put in
5   place for hourly employees.  Plaintiffs Henshaw and Souza, the named representatives
6   in the <u>Henshaw</u> action were both employed as salaried employees at the time of their
7   termination.  As a result, Plaintiffs seek to limit the class definition to only salaried
8   employees.

9   Thereafter, Plaintiffs will then move to certify a Rule 23 class action on behalf
10  of all salaried employees employed by Defendant in California during the period
11  August 12, 2006 to the present.  This motion will be filed by September 15, 2011,
12  which is the class certification deadline set by the Court pursuant to the parties'
13  stipulation, [Doc. No. 48].  This motion to consolidate and file a consolidated
14  complaint is brought well before the September 28, 2011 deadline set by the Court to
15  file all motions, including "motions to join or amend the pleadings." [Doc. No. 32].

16  The granting of this motion will not cause adversely affect any of the other
17  dates set by the Court in this action, including the discovery cutoff of July 27, 2012.
18  The tentative trial date in this case is set for November 6, 2012.

19  **B.    Heinzman v. Home Depot**

20  A related putative class action, <u>Heinzman v. Home Depot U.S.A., Inc.</u> (the
21  "<u>Heinzman</u> Action"), was filed on August 25, 2010 in the Orange County Superior
22  Court.  This action was also removed here to the United States District Court for the
23  Central District of California by Defendant.

24  In this related class action, Plaintiff Heinzman also alleges that Defendant
25  violated the very same labor laws at issue in the <u>Henshaw Action</u> by failing to pay all
26  accrued vacation wages to salaried employees at the time of termination.  The
27  complaint in <u>Heinzman</u> requests relief on the same grounds as the plaintiff employees
28  in <u>Henshaw</u>.

1  In <u>Heinzman</u>, the Court recently issued a Scheduling Order, [Doc. No. 27],

2  setting the deadline for Plaintiff Heinzman to move for class certification as October

3  24, 2011, discovery cutoff as June 15, 2012 and the motion cutoff as August 17, 2012.

4  Trial is not scheduled to commence in <u>Heinzman</u> until September 17, 2012.

5

6  **III.    DEFENDANT CONSENTS TO CONSOLIDATION**

7  Counsel for Defendant indicated that Home Depot U.S.A., Inc. would consent

8  to the consolidation of <u>Henshaw</u> and <u>Heinzman</u>.  (Declaration of Aparajit Bhowmik

9  ("Bhowmik Decl."), <u>Exhibit #1</u> ("Home Depot consents to consolidation of the

10  Henshaw and Heinzman actions for the purposes of discovery and certification

11  only.").  Counsel for Plaintiffs have attempted to effect the consolidation and filing of

12  the consolidated complaint by stipulation by sending draft stipulations to Defendant.

13  Counsel for Plaintiffs have also attempted to reach counsel for Defendant

14  telephonically on several occasions to discuss the stipulation.  Counsel for Defendant,

15  however, has not responded to these attempts to meet and confer.  (Bhowmik Decl., ¶¶

16  3-4).  Prior to the hearing on this motion, counsel for Plaintiffs will continue to try to

17  reach an agreement for consolidation in order to avoid wasting judicial resources.[1]

18

19  **IV.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

20  Rule 42 (a) of the Federal Rules of Civil Procedure governs consolidation of

21  actions and provides:

22  > When actions involving a common question of law or fact are pending
> before the court, it may order a joint hearing or trial of any or all the

23  > matters in issue in the actions; it may order all the actions consolidated;
> and it may make such orders concerning proceedings therein as may tend

24  > to avoid unnecessary costs or delay.

25

26  _____

27  [1]   Counsel for Plaintiff Heinzman is also willing to consent to the consolidation of the Related
   Actions and the filing of the consolidated complaint attached to the Bhowmik Decl. as <u>Exhibit 1</u>.

28  (Bhowmik Decl., ¶ 6).

**A.     The Related Actions Raise Identical  Issues of Fact and Law**

Under Rule 42 (a) of the Federal Rules of Civil Procedure, consent of the parties to a given action is not required to order consolidation. <u>Connecticut Gen. Life Ins. Co. v. Sun Life Assur. Co. of Canada</u>, C.A.7th, 2000, 210 F.3d 771.  Instead, "{t}he threshold issue is whether the two proceedings involve a common party and common issues of fact or law." <u>Seguro de Servicio de Salud v. McAuto Sys. Group</u>, 878 F.2d 5, 8 (1st Cir. 1989). See also <u>Frazier v. Garrison I.S.D.</u>, 980 F.2d 1514, 1531 (5th Cir. 1993) ("[A] trial court may consolidate multiple actions if the actions involve common questions of law or fact."); <u>Fleishman v. Prudential-Bache Sec</u>., 103 F.R.D. 623, 624 (E.D. Wis. 1984) ("There must be questions of law or fact common to the cases that are to be consolidated. . ").  In fact, actions need not be identical for consolidation under Rule 42.  <u>Takeda v. Turbodyne Technologies, Inc.</u>, 67 F.Supp. 2d 1129, 1132-33 (C.D. Cal. 1999) (consolidating six securities fraud class actions.).  The Court need only consider whether the consolidation would enhance trial court efficiency and save judicial economy without resulting in prejudice.  <u>Id</u>.

In the instant case, the Court should exercise its broad discretion and consolidate <u>Heinzman</u> with <u>Henshaw</u>.  Plaintiffs in both actions seek to represent a class of current and former salaried employees of Home Depot.  The class periods alleged in both complaints are almost identical in that they are less than two (2) weeks apart.  The class certification deadlines for <u>Heinzman</u> and <u>Henshaw</u> are also almost concurrent with the <u>Heinzman</u> deadline set as October 24, 2011 and the <u>Henshaw</u> deadline set as September 15, 2011.  Home Depot is the common defendant to both actions, and is represented by the same counsel.

Consolidation of these virtually identical cases will promote efficiency, speed adjudication, and save judicial resources.  Given the identity of the parties and claims, allowing the two cases to proceed on separate tracks will result in duplicative discovery, parallel motion practice (including anticipated motions for class certification), and ultimately trial if the cases are allowed to proceed independently.

1   Without consolidation, the putative class members would also be potentially

2   subject to inconsistent and varying rulings on class certification and merits issues.  A

3   failure to consolidate the cases would also place additional burdens on Defendant as

4   Home Depot would be required to answer discovery and produce deponents in

5   virtually identical actions, defend two motions for class certification, file two motions

6   for summary judgment, and engage in the task of litigating on parallel, related, but

7   separate tracks.

8   **B.   Consolidation Benefits All Parties to the Related Actions as Well as Promotes Judicial Economy and Efficiency**

9   Plaintiffs' Rule 42 (a) motion to consolidate the Related Actions for all purposes

10  is made in good faith, and solely for purposes of promoting judicial economy and

11  efficiency.  In these cases, district courts routinely use their broad discretion to

12  consolidate such related cases either in whole or in part.  *See* Johnson v. Celotex

13  Corp., 899 F.2d 1281, 1284-1285 (2d Cir. 1990); Pierce v. County of Orange, 526

14  F.3d 1190, 1203 (9th Cir. 2008); Investors Research Co. v. United States Dist. Court

15  for Dent. Dist., 877 F.2d 777 (9th Cir. 1989); and Perez-Funez v. District Dir.,

16  Immigration and Naturalization Serv., 611 F. Supp 990, 994 (C.D. Cal 1984)

17  (Rafeedie, J.) ("A court has broad discretion in deciding whether or not to grant a

18  motion for consolidation... although, typically, **consolidation is favored**").[2]  Once the

19  threshold requirement of a common question of law or fact is satisfied, consolidation

20  will usually be allowed unless the opposing party can demonstrate prejudice. Willard

21  v Town of Lunenburg (2001, DC Mass) 202 FRD 57.

22  To determine whether consolidation is proper, the court should weigh the time

23  and effort that consolidation would save against any inconvenience, delay or expense

24  it would cause. Narvaes v. EMC Mortg Corp, 2009 U.S. Dist. LEXIS 38084 (D. Haw.

25  Apr 30, 2009)(Citing Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984);

26  Southwest Marine, Inc. v. Triple A Match Shop, Inc., 720 F. Supp 805, 807 (N.D. Cal.

28  [2]   Emphasis added unless otherwise indicated.

1989).  A court "must balance the savings of time and effort gained through

consolidation against the inconvenience, delay or expense that might result from

simultaneous disposition of the separate actions." <u>Rohm & Haas Co. v. Mobil Oil</u>

<u>Corp</u>., 525 F.Supp. 1298, 1309 (1981) (citing <u>Continental Bank & Trust Co. v.</u>

<u>Platzer,</u> 304 F.Supp. 228, 229-230 (S.D. Tex. 1969); <u>Johnson v. Manhattan Ry.</u>, 289

U.S. 479, 496-497, 53 S. Ct. 721, 77 L. Ed. 1331 (1933) (Consolidation is permitted

as a matter of convenience and economy in administration).

### C.   Consolidation Does Not Prejudice Any of the Parties

Home Depot will not be unfairly prejudiced by the consolidation of the

Related Actions.  Rather, Defendant will reap most of the benefits of a formal

consolidation by focusing only one class certification motion and avoiding duplicative

discovery from both proceedings.

In terms of trial readiness, the Related Actions are in relatively similar

procedural postures.   Both cases are in the precertification discovery phase and

proceeding to class certification filing deadlines that are about one (1) month apart.

Consolidation here will merely allow the parties to pool their separate resources to

seek a prompt resolution of the controlling legal issues.

Consolidation of the Related Actions also does not change the gravamen of

either action in that all of the discovery produced in <u>Henshaw</u> is relevant to the claims

asserted in <u>Heinzman</u>.  This is true because both cases allege that Home Depot

improperly failed to pay all accrued vacation wages upon termination.

Indeed, consolidation will aid Home Depot in avoiding seriatim relitigation of

the same issues in separate suits.  As a result, Home Depot will be substantially

benefitted, rather than prejudiced, by the consolidation.

### D.   Merger of Related Actions Is Appropriate to Avoid Conflict and Confusion

Consolidation may be effectuated in three different manners, including: "(1) []

several actions [may be] stayed while one is tried, and the judgment in the case tried

1   will be conclusive as to the others; (2) [] several actions [may be] combined and lose

2   their separate identities, becoming a single action with a single judgment entered; and

3   (3) [] several actions [may be] tried together, but each suit retains its separate

4   character, with separate judgments entered." <u>Schnabel v. Lui</u>, 302 F.3d 1023, 1035 (9th

5   Cir. 2002)(citing 9 Wright & Miller, Fed. Practice & Procedure: Civil 2d § 2382

6   (1995)).  Given the virtual identity of the Related Actions and the overlapping claims,

7   Plaintiffs respectfully request the Court order the second option of merger of both

8   actions.  This will result in the consolidation of the Related Actions into a single

9   action which may be resolved ultimately with a single judgement.

10

11   **V.    PLAINTIFFS SHOULD BE GRANTED LEAVE TO FILE A**
           **CONSOLIDATED COMPLAINT**

12

13          Although Plaintiffs must obtain leave of court to amend its pleading, such leave

14   "shall be freely  given when justice so requires."  Fed. R. Civ. P. 15(a); *see also*

15   <u>Foman v. Davis</u>, 371 U.S. 178, 182  (1962) ("If the underlying facts or circumstances

16   relied upon by a [party] may be a proper subject of  relief, he ought to be afforded an

17   opportunity to test his claims on the merits."); <u>Enzo Life Scis., Inc. v.  Digene Corp.</u>,

18   270 F.Supp.2d 484, 487 (D. Del. 2003) ("[L]eave should be freely granted unless

19   there  is an apparent reason for denying a request.").  The Ninth Circuit has stated that

20   "[r]ule 15's policy of favoring amendments to pleadings should be applied with

21   'extreme liberality,'" including when the amendment is adding new parties or claims.

22   <u>United States v. Webb</u>, 655 F.2d 977, 979 (9th Cir. 1981); *see also* <u>Eminence Capital,</u>
     <u>LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051 (9th Cir. 2003).

23          The Ninth Circuit has articulated four factors that can  justify denial of a motion

24   to amend a pleading:  "bad faith, undue delay, prejudice to the opposing  party, and

25   futility of amendment."  <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 186 (9th Cir.

26   1987)  (citing, <u>Loehr v. Ventura County Community College Dist.</u>, 743 F.2d 1310,

27

28

1  1319 (9th Cir. 1984) and  Howey v. United States, 481 F.2d 1187, 1190 (9th Cir.

2  1973)).

3       "Generally, this determination should be performed with all inferences in favor

4  of granting the motion."  Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 880 (9th Cir.

5  1999).  None of those factors exist here.  As a result, the Court should grant Plaintiff's

6  motion.   Further, the party opposing amendment bears the burden of demonstrating

7  prejudice. DCD Programs, 833 F. 2d at 186-87.

8       **A.     This Motion Is Brought in Good Faith**

9       Courts have found bad faith where the amendment was sought solely to cause

10  delay, or defeat the Court's jurisdiction by adding parties. See, e.g., Cowen v. Bank

11  United of Texas, FSB, 70 F.3d 937, 944 (7th Cir.) (motion to amend denied where

12  intent was to delay dismissal).

13      Such is not the case here as Plaintiffs have brought the motion at the earliest

14  practicable time and not with malicious intent or to surprise or  disadvantage

15  Defendant.  No evidence indicating any such deceptive motive exists.

16       **1.     Revision of Factual Allegations**

17      The changes in the proposed consolidated complaint to conform the pleadings

18  with facts learned in discovery does not change the substantive nature of the case.

19      The first of these changes is set forth in paragraphs, whereby Plaintiffs state that

20  for each of them Defendant:

21          miscalculated the amount of vacation accrued by [the plaintiff] between his
            most recent anniversary date and the date his employment was terminated
22          by failing to prorate his accrued vacation on a daily basis.

23  (Bhowmik Decl., Exhibit 1, ¶¶ 5-9).

24      This revised factual allegation provides additional detail as to the theory of the

25  case that Defendant failed to pay all accrued vacation wages upon termination.  This

26  theory was already generally pled in the operative complaints in both Heinzman and

27  Henshaw.  By including this additional language, Plaintiffs are only providing

28  additional detail as to why the failure to pay the vacation wages occurred.

---

1    The second of the changes to the factual allegations is set forth in paragraphs 10

2   and 15 to specify that the business records that provide evidence of the Defendant's

3   failure to pay are the "Vacation Audit documents that are maintained for every

4   member of the CLASS."  (Bhowmik Decl., Exhibit 1, ¶¶ 10 and 15).  This revision

5   should come as no surprise to Defendant as the change merely reflects the records that

6   Plaintiffs successfully moved to compel earlier in this litigation, [Doc. No. 41].

7    Finally, the revision to the factual allegations specifies that Plaintiffs' other

8   theory of recovery for unpaid vacation wages is premised on Defendant's failure to

9   properly calculate the difference between the amount of accrued vacation hours and

10   taken vacation hours.  At paragraph 41, Plaintiffs clarify that this claim is sought on

11   an individual basis only.  (Id. at ¶ 41).

12              **2.     Revision of Class Definition**

13    Plaintiffs also clarify at paragraphs 1 and 21 that the class claims are brought on

14   behalf of all salaried employees.  (Id. at ¶¶ 1 and 21).  This revision substantially

15   narrows the scope of the proposed class.  Defendant cannot claim any prejudice by

16   way of this amendment because one of Defendant's consistent objections during the

17   discovery phase in Henshaw was that the putative class should not include hourly

18   employees.  (Bhowmik Decl., ¶ 5).

19           **3.     Additional Class Representatives**

20    The third change in the consolidated complaint is that Plaintiffs Heinzman,

21   Walton and Moulton are added as proposed class representatives.  (Bhowmik Decl.,

22   Exhibit 1, ¶¶ 7-9).  The inclusion of Plaintiff Heinzman and the additional class

23   representatives is proper at this time as these plaintiffs are added almost six (6)

24   months prior to the deadline for Defendant to file the opposition to Plaintiff's class

25   certification motion.  As a result, Defendant will have ample opportunity to conduct

26   discovery as to the additional class representatives.  Further, "requesting leave to

27   amend to add new representatives in a class action lawsuit is not uncommon."

28

1   Amparan, supra, 2009 U.S. Dist. LEXIS 83110, *5 citing Palmer, supra, 236 F.R.D.

2   464, at 466; Morgan, supra, 81 F.R.D. at 673-675 Gilliam, supra, 2006 U.S. Dist.

3   LEXIS at *2.

4        **B.    This Motion to Amend Is Timely Brought**

5        The deadline to file a motion to amend the pleadings has been set as September

6   28, 2011 in Henshaw and August 17, 2012 in Heinzman.  This motion to amend is

7   brought well before these deadlines and at the earliest possible time in that Plaintiffs

8   have been diligently attempting to meet and confer with Defendant in order to file a

9   stipulation for this amendment.  (Bhowmik Decl., ¶¶ 3-4).  Therefore, this motion is

10  timely.   Moreover, as discussed below in Section D, the timing of this motion does

11  not in any way prejudice Defendant.

12       **C.    The Amended Complaint Is Not Futile.**

13       For an amendment to a pleading to be futile, there must be no set of facts by

14  which the  proposed amendment could bring relief to the party requesting the

15  amendment.  *See* Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir.

16  1997).  As outlined in the proposed amended consolidated complaint, the claims of the

17  additional plaintiffs are well within the statute of limitations which is three (3) years

18  for claims under Labor Code §§ 201-203 and or four (4) years for claims under Labor

19  Code 227.3.  *See* Cal Code Civ Proc § 338 (3 year statute of limitations for liability

20  created by statute, other than a penalty); Sequeira v. Rincon-Vitova Insectaries, Inc.,

21  32 Cal.App.4th 632 [38 Cal. Rptr. 2d 264] (1995) (four (4) year statute of limitations

22  for violations of Lab. Code § 227.3)

23       Plaintiff Heinzman's employment with Defendant terminated January 21, 2010

24  and Plaintiffs Walton and Moulton were both terminated on June 2, 2010.  As a result,

25  the claims of all the Plaintiffs are well within the statutes of limitations.   Therefore,

26  the addition of the proposed additional class representatives at this time will not be

27  futile.

28

---

**D.    Plaintiffs' Amended Complaint Will Not Unfairly Prejudice Defendant**

Prejudice is the "touchstone" of the Court's decision on whether to grant leave to amend. Eminence, 316 F. 3d at 1052.  For prejudice to justify denying leave to amend, the impact on the opposing party must be substantial. Morongo Band of Mission Indians v. Rose, 893 F. 2d 1074, 1079 (9th Cir. 1990).

Although obviously Defendant does not want these claims brought before this Court, Defendant cannot say that amending the complaint will unfairly prejudice Defendant.  Discovery remains open in this case and the amendment does not change the gravamen of the action, which is that Defendant failed to pay all earned and accrued vacation wages to its employees.

A reason to deny leave to amend might include when a motion for leave is made after a deadline in the Court's scheduling order or near the end of a discovery cut-off. AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F. 3d 946, 957-58 (9th Cir. 2006).  Such is obviously not the case here as the discovery cutoff is not until July 27, 2012 in Henshaw and June 15, 2012 in Heinzman.  As a result, Defendant will be afforded every opportunity to propound discovery as to the additional class representatives.  Therefore, Defendant does not suffer any unfair prejudice by the Court granting Plaintiffs leave to file the consolidated complaint.

## VI.    CONCLUSION

Plaintiffs brought this Motion to Consolidate and File a Consolidated Complaint in good faith and in a timely manner.  Accordingly, Plaintiffs respectfully request that the Court grant this motion, consolidated Heinzman with Henshaw, and grant Plaintiffs leave to file the proposed Consolidated Complaint.

**BLUMENTHAL, NORDREHAUG & BHOWMIK**

Dated: June 27, 2011          By:    /s/ Aparajit Bhowmik
                                      Aparajit Bhowmik
                                      Counsel for Plaintiffs Henshaw and Souza