AANAND MEHTANI (SBN 254556)
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone: 310-229-1000
Facsimile: 310-229-1001
amehtani@akingump.com

JOEL M. COHN (admitted *pro hac vice*)
JOSHUA B. WAXMAN (admitted *pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036-1564
Telephone: 202-887-4000
Facsimile: 202-887-4288
jcohn@akingump.com
jwaxman@akingump.com

Attorneys for Defendant Home Depot U.S.A., Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN HENSHAW, VERN SOUZA, JENNIFER WALTON, DEBORAH MOULTON, and PAUL HEINZMAN on behalf of themselves and all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., and DOES 1 through 50,<br><br>Defendant. | Case No. 8:10-cv-01392-CJC-RNB<br><br>(Consolidated with Case No. 8:10-cv-01827-CJC-RNB)<br><br>[Assigned to the Honorable Cormac J. Carney]<br><br>DEFENDANT'S ANSWER TO THE PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT |

DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT

Defendant Home Depot U.S.A., Inc. ("defendant" or "Home Depot"), by and through counsel, hereby answers the Consolidated Class Action Complaint ("CCAC") of plaintiffs Martin Henshaw, Vern Souza, Jennifer Walton, Deborah Moulton, and Paul Heinzman ("plaintiffs") as follows:

## NATURE OF THE ACTION

1.  Paragraph 1 contains a legal statement to which no response is required. To the extent a response is required, Home Depot admits that plaintiffs purport to bring this action as described, but denies that this action may be maintained as a class action, and denies all other allegations set forth in paragraph 1 of the CCAC.

## THE PARTIES

2.  Home Depot admits that it was founded in 1978 and is incorporated under the laws of Delaware, and has done, and continues to do business in California, including in Orange County. Home Depot further admits that it operates retail stores in the United States, Canada, Mexico, and China and that it is the world's largest home improvement retailer and the fourth largest retailer in the United States. Home Depot denies all other allegations set forth in paragraph 2 of the CCAC.

3.  Paragraph 3 contains a legal statement to which no response is required. To the extent a response is required, Home Depot denies the allegations set forth in paragraph 3 of the CCAC.

4.  Home Depot admits that plaintiffs were terminated at some time within the four years preceding the commencement of this action. The remaining portions of paragraph 4 are legal statements to which no response is required. To the extent a response is required, Home Depot admits that plaintiffs purport to bring this action as described, but denies that this action may be maintained as a class action and denies all other allegations set forth in paragraph 4 of the CCAC.

5.  Home Depot lacks sufficient knowledge or information to form a belief as to whether plaintiff Martin Henshaw resided in the state of California at all relevant

times. Home Depot admits that Henshaw was employed by Home Depot from approximately February 1991 to June 2010. Home Depot denies all other allegations set forth in paragraph 5 of the CCAC.

6. Home Depot lacks sufficient knowledge or information to form a belief as to whether plaintiff Vern Souza resided in the state of California at all relevant times. Home Depot admits that Souza was employed by Home Depot from approximately February 1987 to June 2010. Home Depot denies all other allegations set forth in paragraph 6 of the CCAC.

7. Home Depot lacks sufficient knowledge or information to form a belief as to whether plaintiff Jennifer Walton resided in the state of California at all relevant times. Home Depot admits that Walton was employed by Home Depot from approximately April 2004 to June 2010. Home Depot denies all other allegations set forth in paragraph 7 of the CCAC.

8. Home Depot lacks sufficient knowledge or information to form a belief as to whether plaintiff Deborah Moulton resided in the state of California at all relevant times. Home Depot admits that Moulton was employed by Home Depot from approximately January 2002 to June 2010. Home Depot denies all other allegations set forth in paragraph 8 of the CCAC.

9. Home Depot lacks sufficient knowledge or information to form a belief as to whether plaintiff Paul Heinzman resided in the state of California at all relevant times. Home Depot admits that Heinzman was employed by Home Depot from approximately August 1989 to January 2010. Home Depot denies all other allegations set forth in paragraph 9 of the CCAC.

## GENERAL ALLEGATIONS

10. Home Depot admits that plaintiffs earned and accrued vacation time while employed at Home Depot. Home Depot denies all other allegations set forth in paragraph 10 of the CCAC.

1  11. Home Depot denies the allegations set forth in paragraph 11 of the CCAC.

2  12. Home Depot admits, in general, that salaried employees accrue two weeks of vacation time for years one through five, three weeks of vacation time for years five through 15, four weeks of vacation time for years 15 through 20 and five weeks of vacation time for years beyond 20. Home Depot denies all other allegations set forth in paragraph 12 of the CCAC.

13. Home Depot admits the allegations set forth in paragraph 13 of the CCAC.

14. Home Depot admits the quoted language appears to accurately quote from a Home Depot Standard Operating Procedure, but denies that this action may be maintained as a class action and denies all other allegations set forth in paragraph 14 of the CCAC.

15. Home Depot denies the allegations set forth in paragraph 15 of the CCAC.

16. Home Depot denies the allegations set forth in paragraph 16 of the CCAC.

17. Paragraph 17 contains a legal statement to which no response is required. To the extent a response is required, Home Depot denies the allegations set forth in paragraph 17 of the CCAC.

18. Paragraph 18 contains a legal statement to which no response is required. To the extent a response is required, Home Depot respectfully refers to the statute alleged in paragraph 18 for its terms, and otherwise denies the allegations set forth in paragraph 18 of the CCAC.

19. Because no class has been certified, Home Depot lacks sufficient knowledge information to admit or deny the allegations set forth in paragraph 19 of the CCAC.

20. Home Depot denies the allegations set forth in paragraph 20 of the CCAC.

## CLASS ALLEGATIONS

21. Paragraph 21 contains a legal statement to which no response is required. To the extent a response is required, Home Depot admits that plaintiffs purport to bring this action as described, but denies that this action may be maintained as a class action.

22. Home Depot denies the allegations set forth in paragraph 22 of the CCAC.

23. Paragraph 23 contains a legal statement to which no response is required. To the extent a response is required, Home Depot denies the allegations set forth in paragraph 23 of the CCAC.

24. Paragraph 24 contains a legal statement to which no response is required. To the extent a response is required, Home Depot refers to the statutes and/or rules alleged in paragraph 24 for their terms, denies that this action may be maintained as a class action, and otherwise denies the allegations set forth in paragraph 24 of the CCAC.

25. Paragraph 25 contains a legal statement to which no response is required. To the extent a response is required, Home Depot refers to the statutes and/or rules alleged in paragraph 25 for their terms, denies that this action may be maintained as a class action, and otherwise denies the allegations set forth in paragraph 25 of the CCAC.

26. Paragraph 26 contains a legal statement to which no response is required. To the extent a response is required, Home Depot refers to the statutes and/or rules alleged in paragraph 26 for their terms, denies that this action may be maintained as a class action, and otherwise denies the allegations set forth in paragraph 26 of the CCAC.

## JURISDICTION AND VENUE

27. Paragraph 27 contains a legal statement to which no response is required. To the extent a response is required, Home Depot refers to the statute alleged in paragraph 27 for its terms, and admits that this Court has subject matter jurisdiction over this action.

28. Paragraph 28 contains a legal statement to which no response is required. To the extent a response is required, Home Depot refers to the statute alleged in

paragraph 28 for its terms. Home Depot admits that it removed this action to this Court, but denies all other allegations in paragraph 28 of the CCAC.

## FIRST CAUSE OF ACTION

29. Home Depot restates and incorporates by reference each and every response contained in paragraphs 1-28 of this answer as if fully set forth herein.

30. Paragraph 30 contains a legal statement to which no response is required. To the extent a response is required, Home Depot refers to the statute alleged in paragraph 30 for its terms, and otherwise denies the allegations set forth in Paragraph 30 of the CCAC.

31. Paragraph 31 contains a legal statement to which no response is required. To the extent a response is required, Home Depot refers to the statutes alleged in paragraph 31 for their terms, and otherwise denies the allegations set forth in Paragraph 31 of the CCAC.

32. Home Depot denies the allegations set forth in paragraph 32 of the CCAC.
33. Home Depot denies the allegations set forth in paragraph 33 of the CCAC.
34. Home Depot denies the allegations set forth in paragraph 34 of the CCAC.
35. Home Depot denies the allegations set forth in paragraph 35 of the CCAC.
36. Home Depot denies the allegations set forth in paragraph 36 of the CCAC.
37. Home Depot denies the allegations set forth in paragraph 37 of the CCAC.
38. Home Depot denies the allegations set forth in paragraph 38 of the CCAC.
39. Home Depot denies the allegations set forth in paragraph 39 of the CCAC.
40. Home Depot denies the allegations set forth in paragraph 40 of the CCAC.
41. Home Depot denies the allegations set forth in paragraph 41 of the CCAC.

## SECOND CAUSE OF ACTION

42. Home Depot restates and incorporates by reference each and every response contained in paragraphs 1-41 of this answer as if fully set forth herein.

43. Paragraph 43 contains a legal statement to which no response is required. To the extent a response is required, Home Depot refers to the statute alleged in paragraph 43 for its terms, and otherwise denies the allegations set forth in paragraph 43 of the CCAC.

44. Paragraph 44 contains a legal statement to which no response is required. To the extent a response is required, Home Depot refers to the statute alleged in paragraph 44 for its terms, and otherwise denies the allegations set forth in paragraph 44 of the CCAC.

45. Paragraph 45 contains a legal statement to which no response is required. To the extent a response is required, Home Depot refers to the statute alleged in paragraph 45 for its terms, and otherwise denies the allegations set forth in paragraph 45 of the CCAC.

46. Paragraph 46 contains legal statements to which no response is required. To the extent a response is required, Home Depot refers to the statute alleged in paragraph 46 for their terms, and otherwise denies the allegations set forth in paragraph 46 of the CCAC.

47. Home Depot admits that plaintiffs earned and accumulated unused vacation time prior to their termination. Because no class has been certified, Home Depot lacks sufficient knowledge and information to either admit or deny the allegations set forth in paragraph 47 with respect to class members. Home Depot denies all other allegations in paragraph 47 of the CCAC.

48. Home Depot denies the allegations set forth in paragraph 48 of the CCAC.

49. Home Depot denies the allegations set forth in paragraph 49 of the CCAC.

### THIRD CAUSE OF ACTION

50. Home Depot restates and incorporates by reference each and every response contained in paragraphs 1 through 49 of this answer as if fully set forth herein.

51. Paragraph 51 contains legal statements to which no response is required. To the extent a response is required, Home Depot admits that plaintiffs purport to bring this action as described, but denies that this action may be maintained as a representative action.

52. Paragraph 52 contains legal statements to which no response is required. To the extent a response is required, Home Depot refers to the statutes alleged in paragraph 52 for their terms. Home Depot admits that plaintiffs gave written notice by certified mail to the Labor and Workforce Development Agency on November 16, 2010. To the extent any further response is required, Home Depot denies the allegations set forth in paragraph 52 on the CCAC.

53. Paragraph 53 contains legal statements to which no response is required. To the extent a response is required, Home Depot refers to the statutes alleged in paragraph 53 for their terms, and otherwise denies all other allegations set forth in paragraph 53 of the CCAC.

## PRAYER

Home Depot denies each and every allegation and statement in plaintiffs' prayer for judgment, and denies that plaintiffs are entitled to any relief, including that relief stated in the prayer for judgment.

Further, and without admitting any of the allegations asserted therein or conceding that Home Depot bears any burden of proof or persuasion on any issue on which Home Depot would not otherwise bear such burden, Home Depot asserts the following general and affirmative defenses to the CCAC.

## DEFENSES

Defendant has not completed its investigation of the facts alleged in this action, has not engaged in discovery in this action, and has not prepared for trial. Thus the defenses stated herein are based on defendant's knowledge, information, and belief at this time, and defendant expressly reserves the right to modify, amend, or supplement

any defense contained herein at any time. Defendant therefore reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

Defendant asserts the following defenses to the CCAC:

### FIRST DEFENSE
(Failure To State A Claim)

1. The complaint, and each cause of action contained therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
(Statute Of Limitations)

2. The causes of action alleged in the complaint are barred in whole or in part by the applicable statute of limitations.

### THIRD DEFENSE
(No Unlawful Conduct)

3. The complaint, and each cause of action contained therein, is barred because the conduct of defendant as alleged in the complaint is not "unlawful" as defined under the California Business and Professions Code.

### FOURTH DEFENSE
(No Unfair Conduct)

4. The complaint, and each cause of action contained therein, is barred because the conduct of defendant as alleged in the complaint is not "unfair" as defined under the California Business and Professions Code.

### FIFTH DEFENSE
(No Fraudulent Conduct)

5. The complaint, and each cause of action contained therein, is barred because the conduct of defendant as alleged in the complaint is not "fraudulent" as defined under the California Business and Professions Code.

DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT

## SIXTH DEFENSE

(Estoppel)

6. The complaint, and each cause of action contained therein, is barred because any of the conduct of defendant or its agents which is alleged to be unlawful was taken as a result of conduct by plaintiffs and/or the purported class members, and plaintiffs and/or the purported class members are thus estopped from asserting any cause of action against defendant.

## SEVENTH DEFENSE

(Collateral Estoppel and Res Judicata)

7. The complaint, and each cause of action contained therein, is barred by the doctrines of collateral estoppel and res judicata.

## EIGHTH DEFENSE

(Paid All Sums)

8. The complaint, and each cause of action contained therein, is barred because defendant has paid plaintiffs and/or the purported class members all sums due them.

## NINTH DEFENSE

(No Willful Deprivation of Wages)

9. Defendant did not willfully deprive any person of any wages to which he or she may have been entitled.

## TENTH DEFENSE

(Setoff)

10. Defendant is entitled to a setoff of any monies that plaintiffs and/or the purported class members might recover for monies already paid.

## ELEVENTH DEFENSE

### (Waiver)

11. The complaint, and each cause of action contained therein, is barred because plaintiffs and/or the purported class members have waived their right to recovery.

## TWELFTH DEFENSE

### (Release)

12. The complaint, and each cause of action contained therein, is barred because plaintiffs and/or the purported class members released their claims against defendant.

## THIRTEENTH DEFENSE

### (Acquiescence)

13. The complaint, and each cause of action contained therein, is barred because plaintiffs and/or the purported class members acquiesced in defendant's calculation of proper vacation accrual.

## FOURTEENTH DEFENSE

### (Accord and Satisfaction)

14. The complaint, and each cause of action contained therein, is barred to the extent that plaintiffs and/or the purported class members on the one hand and defendant on the other hand entered into an accord extinguishing the obligations that are the basis of the complaint, and defendant has satisfied all obligations required of it under the accord.

## FIFTEENTH DEFENSE

### (Mootness)

15. The complaint, and each cause of action contained therein, is barred because it is moot.

## SIXTEENTH DEFENSE

(Unclean Hands)

16. The complaint, and each cause of action contained therein, is barred because plaintiffs and/or the purported class members have been guilty of improper conduct connected to the matters alleged in the complaint.

## SEVENTEENTH DEFENSE

(Laches)

17. The complaint, and each cause of action contained therein, is barred because plaintiffs and/or the purported class members have inexcusably delayed the filing of their action, causing undue prejudice to defendant.

## EIGHTEENTH DEFENSE

(Injunctive Relief)

18. The complaint fails to state facts sufficient to state a claim for injunctive relief.

## NINETEENTH DEFENSE

(No Irreparable harm)

19. Plaintiff is barred from injunctive relief because there is no irreparable harm.

## TWENTIETH DEFENSE

(Ratification and Consent)

20. The complaint, and each cause of action contained therein, is barred because the alleged conduct of defendant was approved, consented to, authorized, and/or ratified by plaintiffs and/or the purported class members through their actions, omissions, or course of conduct.

## TWENTY-FIRST DEFENSE
### (Good Faith)

21. The complaint, and each cause of action contained therein, is barred, and plaintiffs and/or the purported class members are not entitled to any relief, because defendant's actions were in good faith and in reasonable belief that its actions were in full compliance with the law.

## TWENTY-SECOND DEFENSE
### (Class Action)

22. To the extent that plaintiffs purport to bring this lawsuit as a class action, plaintiff cannot satisfy the requirements for a class action.

## TWENTY-THIRD DEFENSE
### (Class Action Civil Penalties Unconstitutional)

23. Plaintiffs' claims for civil penalties on behalf of a class are unconstitutional in violation of the United States and California Constitutions.

## TWENTY-FOURTH DEFENSE
### (Violation of Due Process)

24. The complaint, and each cause of action contained therein, violates defendant's right to due process under the United States Constitution, California Constitution, and California law, including but not limited by improperly enlarging the power of the judiciary to award restitution or damages on behalf of the general public without any individualized showing of injury, violating the right of the defendant to confront its accusers and violating the separation of powers doctrine by vesting private individuals with power held by the executive branch.

## TWENTY-FIFTH DEFENSE
### (Impermissible Representative Action)

25. Plaintiffs are barred from obtaining relief against defendant, because California Business and Professions Code Section 17200 *et seq.* does not permit

representative actions where liability can be determined only through fact-intensive individualized assessments of alleged wage and hour violations.

### TWENTY-SIXTH DEFENSE
### (Reservation of Rights)

26. Defendant reserves the right to amend its answer to assert any additional defenses or affirmative defenses as may later become available or apparent. Further, defendant reserves the right to delete any defenses that it determines are inapplicable during the course of subsequent discovery.

WHEREFORE, Home Depot prays for judgment as follows:

1. That plaintiffs take nothing by the CCAC;
2. That the CCAC be dismissed with prejudice;
3. For judgment in favor of Home Depot;
4. For costs of suit herein; and
5. For such other relief as the Court may deem proper and just.

Dated: August 8, 2011

AKIN GUMP STRAUSS HAUER & FELD, LLP

By _/s/Aanand Mehtani_
Aanand Mehtani
Attorneys for defendant
Home Depot U.S.A., Inc.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, California 90067. On August 8, 2011, I served the foregoing document(s) described as: **DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO THE FIRST AMENDED COMPLAINT** on the interested party(ies) below, using the following means:

**All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the referenced case caption and number**

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 8, 2011 at Los Angeles, California.

<u>Lana Linnet Turner</u>                              _____
                                                                [Signature]

PROOF OF SERVICE