IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA

| | |
|---|---|
| MARTIN HENSHAW, VERN SOUZA, JENNIFER WALTON and DEBORAH MOULTON on behalf of themselves and all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., and DOES 1 through 50,<br><br>Defendants. | Case No. 8:10-cv-01392-DOC-RNB<br><br>(Consolidated with Case No. 8:10-cv-01827-CJC-RNB)<br><br>[~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Hearing Date: August 6, 2012<br>Time: 8:30 a.m.<br>Courtroom: 9D<br>Judge: Honorable David O. Carter |

This matter having come before the Court on August 6, 2012 for the Final Approval Hearing on the parties' Settlement Agreement ("Agreement") between plaintiffs Martin Henshaw, Vern Souza, Jennifer Walton, Deborah Moulton, and Paul Heinzman ("plaintiffs") and defendant Home Depot U.S.A., Inc., due and adequate notice having been given to putative members of the settlement class as required by the Court's Order Granting Preliminary Approval of Class Action Settlement dated April 10, 2012 ("Preliminary Approval Order") [Doc. No. 72], and the Court having considered all the papers filed and proceedings herein, having

1

received no objections to the settlement, having determined that the proposed settlement is fair, adequate and reasonable, and otherwise being fully informed, good cause appearing therefore, it is hereby ORDERED AS FOLLOWS:

1. All terms used herein and not otherwise defined shall have the same meaning as given in the Agreement.

2. The Court has jurisdiction over the subject matter of this proceeding and over all parties to this proceeding, including all class members.

3. The Court hereby confirms certification of the following settlement class for purposes of this settlement only:

> All salaried associates employed by Home Depot in California whose employment was terminated between August 12, 2006 and April 10, 2012 (the "settlement class").

4. Distribution of the Notice of Settlement and Claim Form to members of the settlement class as set forth in the Agreement and confirmed in the claims administrator's declaration, has been completed in conformity with the Preliminary Approval Order – including individual notice to all class members who could be identified through reasonable effort – and constitutes the best notice practicable under the circumstances. The Court hereby finds that the notice provided due and adequate notice of the proceedings and of the matters set forth in the Preliminary Approval Order, including the material terms of the Agreement. The Court also finds that the notice provided adequate and appropriate notice to all persons entitled to such notice, and therefore fully satisfied the requirements of due process.

5. The Court hereby finds the Agreement was entered into in good faith pursuant to non-collusive, arms-length negotiations, and that plaintiffs have satisfied the standards and applicable requirements for final approval of this class action settlement under Federal Rule of Civil Procedure 23.

6. Upon review of the record, particularly the declaration of the claims

administrator and plaintiffs' Motion for Final Approval, the Court hereby finds that the Agreement is, in all respects, fair, adequate, and reasonable, and therefore approves the Agreement. The Court has come to this determination pursuant to the factors outlined in cases such as *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), including but not limited to consideration of (i) the state of the law governing the issues and the plaintiffs' likelihood of success; (ii) the amount of the settlement; (iii) the sophistication of, and level of information available to, class counsel; (iv) the level of participation among class members; and (v) the lack of objectors, among other factors.

7. The Court directs the parties to effectuate the settlement terms as set forth in the Agreement. The Court also directs the claims administrator to calculate and pay the claims of all class members who filed timely claims in accordance with the terms set forth in the Agreement.

8. Any class member who did not file a claim form and did not timely opt out will not receive a settlement payment, but will be bound by the Agreement. Further, any class member who filed or files an untimely claim form – and who did not timely opt out – will not receive a settlement payment, but will be bound by the Agreement.

9. The Court hereby confirms Norman Blumenthal and Kyle Nordrehaug of Blumenthal, Nordrehaug & Bhowmik, Roger Carter of The Carter Law Firm, and Scott Cooper of The Cooper Law Firm as class counsel.

10. Pursuant to the terms of the Agreement, and the authorities, evidence, and argument set forth in class counsels' application, an award of attorneys' fees in the aggregate amount of $402,657.14, representing 25.2% of the value of the settlement fund, and for costs and litigation expenses in the aggregate amount of $45,342.86 as final payment for and complete satisfaction of any and all attorneys' fees and costs incurred by and/or owed to class counsel is hereby granted. A payment to the claims administrator in the aggregate amount of $40,000.00 is

3

similarly granted. These payments to class counsel and the claims administrator shall be made in accordance with the terms set forth in the Agreement.

11. The Court also hereby approves named plaintiffs Martin Henshaw, Vern Souza, Jennifer Walton, Deborah Moulton, and Paul Heinzman as class representatives and approves payment to plaintiffs Martin Henshaw, Vern Souza, and Paul Heinzman of a service award of $10,000.00 each and to plaintiffs Jennifer Walton and Deborah Moulton of a service award of $5,000.00 each for their service as class representatives. These service payments shall be paid in accordance with the terms set forth in the Agreement.

12. The Court also hereby approves the settlement of the California Labor Code § 2699 claims alleged in the lawsuit and the allocation of $10,000.00 to settle these claims, pursuant to California Labor Code § 2699(l). Of that amount, and in accordance with California Labor Code § 2699(i), 75%, or $7,500.00 shall be paid to the State of California Labor and Workforce Development Agency in accordance with the terms set forth in the Agreement. The remaining 25%, or $2,500.00 shall be distributed to all class members who filed a timely claim in accordance with the terms set forth in the Agreement. These payments shall be made in accordance with the terms set forth in the Agreement.

13. As of the effective date as defined in the Settlement Agreement, each and every released claim (as defined in the Agreement) of each class member – regardless of whether or not they submitted a claim form – is and shall be deemed to be conclusively released as against Home Depot (as defined in the Agreement) for the entirety of the class period. Except as such rights or claims that may be created by the Agreement, as of the effective date, all class members are hereby forever barred and enjoined from prosecuting any of the released claims (as defined in the Agreement) against Home Depot

14. Neither the settlement nor any of the terms set forth in the Agreement constitute an admission by Home Depot of liability to the plaintiffs or any member

4

[PROPOSED] ORDER GRANTING FINAL APPROVAL | 8:10-CV-01392-DOC

of the settlement class, nor does this Final Approval Order constitute a finding by the Court of the validity of any of the claims (substantive, procedural, or otherwise) alleged by plaintiffs in the litigation, or of any liability of Home Depot.  This Order, the Agreement, any action taken to carry out the settlement, any document referenced herein or filed in connection herewith, and the exhibits thereto, and any negotiations or proceedings related thereto cannot be used in any fashion in any other proceeding of any kind or be considered evidence of any violation of any federal, state, or local law, statute, regulation, rule, or executive order, or any obligation or duty at law or in equity.  Notwithstanding the foregoing, the Agreement may be used in any proceeding that has as its purpose the interpretation or enforcement of the Agreement or any orders or judgments of the Court entered in connection therewith.

15. If the Agreement does not become final and effective in accordance with its terms, this Final Approval Order and all orders entered in connection herewith shall be vacated and shall have no further force or effect.

16. Without affecting the finality of the settlement or the dismissal of this action, the Court shall retain exclusive and continuing jurisdiction over the present action and the parties, including all settlement class members, for purposes of enforcing and interpreting the Agreement, this Final Approval Order, and the claims process established therein.

17. The above-captioned action is hereby dismissed with prejudice.

IT IS SO ORDERED

Dated: August 6., 2012

_____
HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT COURT